439 So.2d 1012 (1983)
Roger THOMPSON, Petitioner,
v.
GENERAL MOTORS CORPORATION, INC., a Foreign Corporation, and Val Ward Cadillac, Inc., a Florida Corporation, Respondents.
No. 83-2245.
District Court of Appeal of Florida, Second District.
October 31, 1983.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, and Michael R. Glickstein, North Miami Beach, for petitioner.
*1013 E. Thom Rumberger and Michael R. Levin of Rumberger, Kirk, Caldwell, Cabaniss & Burke, Orlando, for respondent General Motors Corp.
Ronald L. Napier, Naples, for respondent Val Ward Cadillac.
GRIMES, Acting Chief Judge.
This is a petition for certiorari to review an order denying a motion for continuance of the trial.
Petitioner is suing respondents for damages arising out of an automobile accident. The trial has already been postponed twice upon stipulation. Each party has been represented by at least two different lawyers. On October 20, 1983, petitioner's counsel, Michael R. Glickstein, who is a single practitioner, filed a motion for continuance of the trial scheduled for November 1, 1983, on grounds of his ill health. He attached to his motion a letter from his doctor reciting that he had been under the doctor's care since August 12, 1983, for possible cardiovascular complications. The doctor stated that on October 18, 1983, he was called to the hospital emergency room to examine Glickstein for extreme pain in the upper abdomen. At that time Glickstein exhibited a suggestively abnormal EKG. The doctor later ruled out a myocardial infarction but indicated that there was evidence that his patient had coronary disease. The doctor expressed the opinion that for Glickstein to undergo the concentrated stress of conducting a trial at this time "represents a significant medical risk to his health." He recommended that Glickstein not become engaged in stressful activities for at least four months.
At the hearing held on October 24, 1983, the court recognized the need to conclude this protracted litigation. Nevertheless, the court at first indicated its intention to grant the continuance. At this point a court reporter entered the room and stated that the tape containing her stenographic notes of petitioner's recently taken supplementary deposition had been stolen. She stated that she had left her notes in the room occupied by petitioner and his counsel and that upon her return the notes were gone. Mr. Glickstein vehemently denied taking the notes. The court then reconsidered the question of continuance, and after noting that his initial decision to continue the case was close, stated that "this sort of thing tips the scale." The order denying continuance referred to a telephone conversation between the judge and Glickstein's doctor in which the doctor's statements concerning counsel's health were said to be "substantially in accord with his letter."
The trial court has broad discretion in granting or denying a continuance. Edwards v. Pratt, 335 So.2d 597 (Fla. 3d DCA 1976); Williams v. Gunn, 279 So.2d 69 (Fla. 1st DCA 1973). Yet, there are instances in which a trial court's denial of a motion for continuance may be an abuse of discretion. In Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933), the supreme court held that it was an abuse of discretion to deny a motion for continuance on grounds that the defendant's attorney would not have been able to adequately prepare for trial due to his wife's illness. Likewise, in Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972), the court held that it was an abuse of discretion to refuse to continue a final hearing by reason of the sudden illness of counsel for one of the parties the day before.
The medical opinion concerning Glickstein's risk in going forward with the trial was not disputed. The illness was of recent origin. New counsel could not possibly become prepared to try a case of this magnitude by the time of its scheduled date. Respondent made no showing of prejudice other than that normally incident to trial delay. The matter concerning the lost reporter's notes was not relevant to the decision of whether to postpone the trial because of Glickstein's health.
While we are loath to interfere with trial scheduling, we hold that the trial court departed from the essential requirements of law in refusing to grant the continuance. We cannot be certain that petitioner would have an adequate remedy by way of appeal because if petitioner's counsel decided to *1014 proceed with the trial, he might do a less than adequate job because of his medical condition. Of course, the trial cannot be stayed indefinitely pending Glickstein's recovery. The court should reset the trial sufficiently distant that if it appears that Glickstein's health will not permit him to participate, there would still be time for petitioner to retain substitute counsel. Nothing herein will preclude the court from taking appropriate action with respect to the missing reporter's notes.
We grant the petition for certiorari, quash the order denying continuance, and remand with directions that the trial be continued for a reasonable length of time.
SCHEB and CAMPBELL, JJ., concur.