WALDEN, Judge.
The Department of Health and Rehabilitative Services (HRS) filed a petition of adjudication of dependency of the child, L. McC. Said child was determined to be a dependent of the state. The child’s father appeals. We reverse and remand for a new dependency hearing.
We hold that the trial court abused its discretion and committed reversible error when it denied the father’s motion for continuance since there were only three working days between the filing of the original petition for adjudication of dependency and the final dependency hearing.
We find that the denial of the father’s motion effectively disallowed the father access to discovery, particularly when critical witnesses were located in LaBelle and the hearing was to be conducted in Fort Laud-erdale, plus it denied the father the opportunity to explore the need to hire experts, and to hire them. In other words, the father was denied adequate time to prepare for the hearing.
Clearly, juvenile procedures involving petitions alleging a child to be a dependent child contemplate and authorize substantial discovery. See Florida Rule of Juvenile Procedure 8.770. It is equally clear that courts are empowered to grant continuances in dependency proceedings. See Florida Rule of Juvenile Procedure 8.610(d) and section 39.408, Florida Statutes (Supp. 1984).
Were there special circumstances that would mitigate against the granting of a continuance? We think not.
The assistant state attorney representing HRS did initially say that she would stipulate with the father’s counsel for a continuance because of the shortness of time between the original filing and the date of the final hearing. The trial court set a hearing on the motion for continuance at the same time as that scheduled for final hearing. In the afternoon prior to the day of final hearing the assistant state attorney withdrew her stipulation for a continuance because she stated that after reviewing the *1347 file and talking to the mother, she became aware of the violent nature of the father and some recent threats by him.[1]
We note that the father was already operating under a court injunction prohibiting him from having any contact with the child. Had proper inquiry been made to determine what threats, etc., if any, had been made, the trial court could have broadened the injunction, imposed conditions, or otherwise fashioned a proper protective device instead of just going ahead and depriving the father of his day in court. Moreover, we note that the final order after final hearing simply tracked the temporary order as concerns the father and barred him from visitation with the child. So, in retrospect, it would appear that the temporary order then in effect afforded adequate protection to the child.
We reverse upon the authority of Thompson v. General Motors Corp., Inc., 439 So.2d 1012 (Fla. 2d DCA 1983); LoBue v. Travelers Insurance Co., 388 So.2d 1349 (Fla. 4th DCA 1980) and remand for a new dependency hearing.
Reversed and remanded.
OWEN, WILLIAM C., JR., Associate Judge, concurs.
GLICKSTEIN, J., dissents with opinion.

. We express concern as what to us seems to be a growing practice. As an illustration we think it was inappropriate here for the assistant state attorney to make unsworn hearsay statements of facts in opposition to the motion for continu-anee. If facts are to be judicially established, it should be done in accordance to the code of evidence. See § 90.101 et seq., Fla.Stat. (1985); § 39.408(2)(b), Fla.Stat. (Supp.1984).