659 So.2d 1246 (1995)
IRA GLYNN HARDY, APPELLANT,
v.
LORETTA VESTA (POWELL) HARDY, APPELLEE.
No. 93-4052.
District Court of Appeal of Florida, First District.
August 28, 1995.
Anthony L. Bajoczky of Bajoczky & Fournier, Tallahassee, for appellant.
Warren J. Bird, Tallahassee, for appellee.
PER CURIAM.
Appellant challenges an award of child support ordered in the final judgment of dissolution of marriage. We find that the trial court abused its discretion in determining the amount of the child support obligation. We therefore reverse and remand.
The parties entered a mediated property settlement agreement which determined all issues except child support. The parties agreed to "equally share parental responsibility and residence/custody" of the two minor children and specified when the children would be with which parent. The agreement provided that
[c]hild support in this case should be in the amount determined by application of the Florida Child Support Guidelines to the stipulated incomes of the Parties ... being sure to keep in mind that the Parties are equally sharing the parental responsibility *1247 and residence/custody of the minor children as set forth in the Mediated Property Settlement.
At the final hearing, both parties presented child support guidelines calculations based on the formula specified in section 61.30, Florida Statutes. The parties differed, however, in their determination of the amount of child support owed by the father in light of the equal parenting arrangement.
The child support guidelines statute contains a specific formula for determining the statutory minimum child support amount. § 61.30(2)  (6), Fla. Stat. (1993). A trial court is granted the discretion to adjust this presumptive minimum child support award based on considerations listed in the statute. § 61.30(11), Fla. Stat. One basis for adjustment, which is applicable in the instant case, is "[t]he particular shared parental arrangement, such as where the children spend a substantial amount of their time with the secondary residential parent thereby reducing the financial expenditures incurred by the primary residential parent... ." § 61.30(11)(g), Fla. Stat.
In the instant case, the court was presented with "almost identical" calculations of the presumptive minimum child support amount and each parent's percentage of obligation for that amount. There is no record evidence, however, that the court accepted either calculation as the presumptively correct amount, and the court made no findings on the record or in writing explaining its departure from the guideline amounts indicated by the parties' calculations. If the court orders a child support amount that varies more than 5 percent from the presumptive guideline amount, the court must make a specific finding either in writing or on the record "explaining why ordering payment of such guideline amount would be unjust or inappropriate." § 61.30(1)(a), Fla. Stat. Failure to make these findings is reversible error. Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992) (reversible error to depart from the statutory minimum child support guidelines without stating findings and reasons for the departure.).
Instead of beginning with the guideline amount and adjusting it accordingly, the trial court expressed an intent to equalize the net incomes of the parents so that equal incomes would be available to each household for the support of the children. Looking only at the parties' net incomes, the court ordered the father to pay $400/month in child support to equalize the parties' incomes. The court thus created a new formula for determining child support based on equalizing the incomes of the parties. This the court is not permitted to do. See Department of Health and Rehabilitative Svs. v. Massey, 568 So.2d 1343 (Fla. 5th DCA 1990) (a trial court must apply the section 61.30 formula and not substitute its own formula).
Because the record does not indicate that the presumptive guideline amount was used in determining the child support award and it appears that the court used its own formula to determine the award, we reverse and remand for redetermination of the child support award in conformity with the statutory requirements.
ERVIN and MINER, JJ., concur.
WOLF, J., dissents with opinion.
WOLF, Judge, dissenting.
If any error occurred in the instant case, it was not the type of error which requires reversal.
In the joint stipulated statement of proceedings, the parties agreed,
8. The trial judge found that the child support calculations made by the Wife's attorney and the Husband's attorney were almost identical as to gross income, net income, combined available income, percentage share of each parent, and child support needed ($1,261.00 per month vs. $1,333.00 per month).
9. The judge stated that he wanted to equalize the income of the Parties so that the children would have equal money available to each household for their support.

*1248 10. The judge then determined that a subtraction of $400.00 per month from the Father's net monthly income and an addition of $400.00 per month to the Mother's net monthly income would equalize the income of the Parties, and would provide equal income available to each household for the support of the children.
11. The judge further stated that he would reduce the Father's support payment during extended summer visitation and require the Mother to pay for the majority of the children's clothing as she had historically done. In addition, the Court indicated its inclination to require the Father to pay for the day-care of the children.
It is apparent from the record, and both parties essentially agree, that the trial judge deviated from the guidelines in light of the custodial arrangement which provided that the children would spend approximately 50 percent of their time with each parent. It is also evident, in light of paragraph eight in the joint stipulation of the parties, that the trial judge did not ignore the guidelines or use a magic formula to reach a different conclusion.[1]
Section 61.30(1)(a), Florida Statutes (1993), provides that if the court orders child support in an amount that varies more than five percent from the presumptive guidelines amount, the court must make a specific finding on the record or in writing "explaining why ordering payment of such guidelines would be unjust or inappropriate." A trial court, however, is granted the discretion to adjust the minimum child support award based on considerations listed in the statute. § 61.30(11). Fla. Stat. One of these considerations is "[t]he particular shared parental arrangement, such as where the children spend a substantial amount of their time with the secondary residential parent thereby reducing the financial expenditures incurred by the primary residential parent... ." § 61.30(11)(g).
I would find that the trial court substantially complied with the statutory requirements, or if error occurred, it was harmless. This is especially true where it is readily apparent that on remand the trial court will reach the same result, for the same reasons, but will satisfy the mechanical requirements mandated by this decision. The practical effect of the majority's decision is to needlessly require the expenditure of additional funds on attorney's fees and associated costs. The order should be affirmed.
NOTES
[1] This is not a case like Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992), where we could not tell from the record why the trial court deviated from the guidelines.