PER CURIAM.
Jack E. Hooper appeals a nonfinal order increasing the amount of temporary child support which he is required to pay and argues that the trial court failed to consider and awarded temporary support in excess of the child support guidelines set forth in section 61.30, Florida Statutes (1995). We have jurisdiction to review this nonfinal order. See, Fla. R.App. P. 9.130(a)(3)(C)(iii); Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990). Although there may be evidentiary support for the trial court’s decision to increase Hooper’s child support obligation, we are compelled to reverse because the trial court’s order does not set forth specific findings as to the parties’ income, the basis for the modified support amount, or any justification for the departure from the guidelines. § 61.30(l)(a), Fla. Stat. (1995); Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994); see also, Hardy v. Hardy, 659 So.2d 1246 (Fla. 1st DCA 1995).
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.