979 So.2d 1169 (2008)
BANCO LATINO (S.A.C.A.), Petitioner,
v.
William E. KIMBERLY, Respondent.
No. 3D08-260.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Diaz Reus Rolf & Targ and Michael Diaz, Jr., Miami, Carlos F. Gonzalez, and Chad Purdie, for petitioner.
Patrick Russell, Miami, for respondent.
Before RAMIREZ, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, J.
Banco Latino ("the petitioner") seeks a writ of certiorari to review the trial court's order compelling a response to discovery requests posed by the defendant, William E. Kimberly ("Kimberly"). Because the petitioner failed to sufficiently demonstrate that it was irreparably harmed by the order, we dismiss the petition.
In 2004, the petitioner filed an action to collect on a number of promissory notes executed by a Venezuelan corporation and allegedly guaranteed by Kimberly. Because the petitioner was initially unable to locate and serve Kimberly, it sought and obtained a series of extensions of time to effectuate service. In April 2006, however, the trial court denied the petitioner's motion for a further extension of time. The petitioner appealed.
This Court held that the petitioner had demonstrated good cause for a further extension of time to effectuate service under Florida Rule of Civil Procedure 1.070(j), and quashed the order denying an extension of time for service of process. See Banco Latino (S.A.C.A.) v. Avtek Electronica, C.A., 961 So.2d 1024, 1024-25 (Fla. 3d DCA 2007) ("Banco Latino I"). In conformity with this Court's ruling, the trial court granted the petitioner's motion for a further extension of time, and shortly thereafter, the petitioner managed to locate Kimberly and effectively serve process upon him. Kimberly served four interrogatories and six requests for production related to the petitioner's efforts to serve him. The petitioner moved for a *1171 protective order, to which Kimberly responded with a motion to compel discovery. The trial court granted Kimberly's motion to compel discovery, and denied the petitioner's motion for a protective order. This petition followed.
"Review of a discovery order `by certiorari is appropriate when a discovery order departs from the essential requirements of the law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.'" Young Circle Garage, LLC v. Koppel, 916 So.2d 22, 23 (Fla. 4th DCA 2005) (quoting Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995)). The petitioner argues that if compelled to respond to Kimberly's discovery requests, it will be materially harmed because the information sought is certain to be irrelevant, thereby warranting certiorari relief. We disagree.
Certiorari relief has been described as "an `extraordinary remedy' that `should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.'" Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999) (quoting Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987)). It is also clear that an erroneous discovery order will not typically create certiorari jurisdiction unless it causes irreparable harm and is the type of order that could provide an opponent with "material that could be used by an unscrupulous litigant to injure another person." Boecher, 733 So.2d at 999.
In the instant case, the petitioner maintains that the law of the case set forth in Banco Latino I foreclosed the trial court's consideration of whether the petitioner demonstrated good cause for the delay in obtaining good service of Kimberly. The petitioner does not claim that the information sought by Kimberly is privileged, confidential, or protected. Instead, the petitioner argues that re-opening the service of process issue, which is "no longer in play," would cause unnecessary expense and delay, and would not likely lead to the discovery of relevant evidence. However, while the litigation of a non-issue can be expensive and time-consuming, "[t]he authorities are clear that this type of harm is not sufficient to permit certiorari review." Martin-Johnson, 509 So.2d at 1100; see also Boecher, 733 So.2d at 999 (noting the Florida Supreme Court's disapproval of decisions tending to equate irrelevant discovery requests with irreparable harm).
Thus, even if the trial court's order compelling a response to Kimberly's discovery requests departed from the essential requirements of the law, which is far from clear, the petitioner has failed to demonstrate the irreparable harm necessary to warrant certiorari review. Accordingly, we dismiss the petition without prejudice to the petitioner's ability to raise the issue on a later appeal from an adverse judgment.
Petition for writ of certiorari dismissed.