WALLACE, Judge.
 

 Andrew Giacalone petitions this court for a writ of certiorari to quash the circuit court’s order denying his motion to compel responses to discovery requests propounded to Helen Ellis Memorial Hospital Foundation, Inc.
 
 [1]
 
 We hold that the circuit court’s order departed from the essential requirements of the law, causing material injury to Mr. Giacalone for which there is
 
 *1234
 
 no adequate remedy at law. Accordingly, we grant the petition and quash the circuit court’s order.
 

 FACTS AND PROCEDURAL HISTORY
 

 On October 13, 2006, Mr. Giacalone was admitted to the Hospital on an emergency basis and underwent surgery during which a pacemaker was implanted. On his admission to the Hospital, Mr. Giacalone signed a standard form in which he agreed — in pertinent part — “to pay the account at the hospital in accordance with the regular rates and terms of the hospital.” Mr. Giacalone was uninsured and requested that he be treated under the Hospital’s charity program, claiming that he had no income or available credit. He was released on October 16, 2006. The next day, Mr. Giacalone paid the Hospital $1000 on his account. Subsequently, the Hospital determined that Mr. Giacalone was not eligible for the charity program.
 

 . On December 13, 2006, the Hospital’s attorneys sent Mr. Giacalone a letter notifying him that he owed the Hospital $52,280.70. Mr. Giacalone responded promptly in writing and disputed the charges.
 

 In February 2007, the Hospital filed an action against Mr. Giacalone seeking to recover the unpaid charges. Mr. Giacal-one answered, asserting the affirmative defenses of unconscionability (unreasonable pricing), lack of mutual assent and fraudulent nondisclosure, and undue influence. He also counterclaimed, alleging claims for unfair or deceptive trade practices, breach of contract (implied covenants of good faith and fair dealing), and for declaratory relief. The central theme of Mr. Giacalone’s defenses and counterclaims was that the Hospital’s charges for its services were unreasonable and unconscionable.
 

 Subsequently, Mr. Giacalone served on the Hospital a request for production of documents and a set of interrogatories. The Hospital objected to the production of most of the documents and declined to respond to several of the interrogatories. Mr. Giacalone filed a motion to compel discovery. After a hearing, the circuit court issued a form order denying the motion.
 

 STANDARD OF REVIEW
 

 A party seeking review of a pretrial discovery order must show that the trial court’s order departed from the essential requirements of law and caused “material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.”
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1099 (Fla.1987). Certiorari is rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal.
 
 State Farm Mut. Auto. Ins. Co. v. Peters,
 
 611 So.2d 597, 598 (Fla. 2d DCA 1993);
 
 see also Power Plant Entm’t, LLC v. Trump Hotels & Casino Resorts Dev. Co.,
 
 958 So.2d 565, 567 (Fla. 4th DCA 2007) (“[F]ew orders denying discovery will involve information so relevant and crucial to the position of the party seeking discovery, that it will amount to a departure from the essential requirements of law so as to warrant certiorari review.”).
 

 However, when the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence
 
 [2]
 
 and the order denying that discovery effectively eviscerates a party’s claim, defense, or counterclaim, relief by writ of certiorari is appropriate. The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the re
 
 *1235
 
 quested discovery would have affected the outcome of the proceedings.
 
 See Bush v. Schiavo,
 
 866 So.2d 136, 140 (Fla. 2d DCA 2004);
 
 Beekie v. Morgan,
 
 761 So.2d 694, 698 (Fla. 5th DCA 2000);
 
 Criswell v. Best W. Int’l, Inc.,
 
 686 So.2d 562, 563 (Fla. 3d DCA 1994).
 

 DISCUSSION
 

 The primary claim on which Mr. Giacalone bases his defenses and counterclaims is that the charges for the supplies and services rendered to him by the Hospital were unreasonable. The information Mr. Giacalone sought by his motion to compel was broadly pertinent to the Hospital’s charges and the discounts granted to the various categories of patients that it serves (e.g., self-pay patients, Medicare patients, Medicaid patients, charity care patients, and privately insured patients) and to the Hospital’s internal cost structure. Mr. Giacalone argues that this information was not only relevant but critical to establish his defenses and counterclaims. We agree.
 

 In
 
 Payne v. Humana Hospital Orange Park,
 
 661 So.2d 1239 (Fla. 1st DCA 1995), the First District noted:
 

 A patient may not be bound by unreasonable charges in an agreement to pay charges in accordance with “standard and current rates.”
 
 Mercy Hosp. v. Carr,
 
 297 So.2d 598, 599 (Fla. 3d DCA 1974). When a contract fails to fix a price furthermore, a reasonable price is implied.
 
 See F.L. Stitt & Co. v. Powell,
 
 94 Fla. 550, 556, 114 So. 375, 378 (1927) (holding that, where a contract for legal services fails to expressly provide for the amount of the fee, a “reasonable” fee is implied);
 
 McGill v. Cockrell,
 
 88 Fla. 54, 58, 101 So. 199, 201 (1924) (where a contract fixes no definite sum to be paid for services, “a reasonable sum is presumed by law to have been contemplated by the parties”);
 
 cf.
 
 19A Fla. Stat. Ann. 218 (1993) (§ 672.305(2): “A price to be fixed by the seller or by the buyer means a price for him to fix good faith.”), cmt. at 219 (“This seemingly unnecessary admonition was included to deny to the seller the unbridled license to fix any exorbitant or unreasonable price he may wish.”).
 

 Id.
 
 at 1241 (footnote omitted). Thus the reasonableness of the Hospital’s charges was the primary issue to be determined in the pending action. We also note that the Hospital first placed the reasonableness of its charges at issue by alleging in its complaint that “[t]he reasonable value of [its] unpaid services totals $52,280.70.”
 

 In
 
 Colomar v. Mercy Hospital, Inc.,
 
 461 F.Supp.2d 1265 (S.D.Fla.2006), the United States District Court for the Southern District of Florida outlined three nonexclusive kinds of evidence relevant to the determination of a claim of unreasonable pricing by a hospital:
 

 A thorough review of the case law from Florida and elsewhere leads to the conclusion that no single factor can be used to determine the reasonableness of Mercy’s hospital charges. Rather, several non-exclusive factors are relevant to the inquiry. As discussed in more detail below, those factors include but are not necessarily limited to: (1) an analysis of the relevant market for hospital services (including the rates charged by other similarly situated hospitals for similar services); (2) the usual and customary rate Mercy charges and receives for its hospital services; and (3) Mercy’s internal cost structure. Consideration of the [second amended complaint] in light of these factors establishes that Plaintiff has stated a claim for breach of contract and violation of [Florida’s Deceptive and Unfair Trade Practice Act] based on unreasonable pricing.
 

 Id.
 
 at 1269. Here, the order denying the motion to compel discovery prevents Mr. Giacalone from developing two of the three
 
 *1236
 
 kinds of relevant evidence outlined by the
 
 Colomar
 
 court: (1) the discovery of the Hospital’s charges and the discounts that it grants to the various categories of patients it serves and (2) the Hospital’s internal cost structure. By preventing Mr. Giacalone from making any inquiry into this relevant information, the circuit court’s order denying the motion to compel departs from the essential requirements of the law.
 

 The Hospital argues that Mr. Giacalone has not shown irreparable injury because he has not exhausted other means of obtaining pertinent information, such as comparative market pricing. We disagree. The use of comparative market pricing is only one type of relevant information which may be helpful in establishing a claim of unreasonable pricing. As the
 
 Co-lomar
 
 court points out, the proof of such a claim may also involve inquiry concerning the usual and customary rates the Hospital charges and receives for its services and concerning the Hospital’s internal cost structure,
 
 in addition
 
 to a comparative analysis of the relevant market.
 
 Colomar,
 
 461 F.Supp.2d at 1269.
 

 Furthermore, we note that the circuit court’s order is a form order containing no explanation of its decision to deny the motion or an analysis of the individual requests. Under the circumstances shown here, such a blanket denial of relevant discovery is insufficient.
 
 See Towers v. City of Longwood,
 
 960 So.2d 845, 849 (Fla. 5th DCA 2007) (holding that the trial court’s order labeling the entire document production process a fishing expedition was “insufficient, particularly where it is obvious from looking at the notice to produce and the allegations in the complaint that the document production is being directed at many relevant items”).
 

 Finally, we have not overlooked the Hospital’s argument that the circuit court properly denied the motion to compel because the information requested by Mr. Giacalone constitutes trade secrets. However, we need not address this issue. Although the Hospital asserted its trade secrets claim in opposition to the motion to compel, the circuit court made no finding either at the hearing on the motion to compel or in its written order that any of the requested information constitutes trade secrets. When the circuit court reconsiders the motion to compel on remand, it should give appropriate consideration to the trade secrets issue under section 90.506, Florida Statutes (2008). See
 
 Ameritrust Ins. Corp. v. O’Donnell Landscape
 
 s,
 
 Inc.,
 
 899 So.2d 1205, 1207 (Fla. 2d DCA 2005).
 

 CONCLUSION
 

 We conclude that much of the information Mr. Giacalone seeks is either directly relevant to his defenses and counterclaims or is reasonably calculated to lead to the discovery of admissible evidence. Because the documents sought and the questions raised in the interrogatories are critical to Mr. Giacalone’s defenses and counterclaims, the circuit court departed from the essential requirements of the law in making a blanket denial of Mr. Giacal-one’s discovery requests. On remand, the circuit court should reconsider the individual requests and address the Hospital’s trade secrets claim.
 

 The circuit court’s order will cause irreparable injury that cannot be remedied on appeal. Accordingly, we grant the petition, quash the circuit court’s order, and remand for further proceedings consistent with this opinion.
 

 Petition granted; ■ order quashed.
 

 KELLY and VILLANTI, JJ., Concur.
 

 [1]
 

 . We will refer to both the corporate entity and the hospital it operates as “the Hospital.”
 

 [2]
 

 .
 
 See
 
 Fla. R. Civ. P. 1.280(b)(1).