# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-603
Lower Tribunal Nos. 07-18012 & 01-5327

_____

**Christa Adkins,**
Appellant,

vs.

**Michael Sotolongo,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Christa Adkins, in proper person.

Michael Sotolongo, in proper person.

Before SUAREZ, C.J., and SHEPHERD and ROTHENBERG, JJ.

SUAREZ, C.J.

The Mother appeals from the trial court's non-final order granting the

Guardian ad Litem's [GAL] motion to compel payment of the guardian ad litem

fees. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iii); see Garcia v. Garcia, 560 So. 2d 403 (Fla. 3d DCA 1990). Because the parties apparently failed to arrange for a recording of hearings, if any, on the GAL's motion to compel payment, our review is limited to errors that occur on the face of the order. See Mobley v. Mobley, 18 So. 3d 724, 725 (Fla. 2d DCA 2009); Soto v. Soto, 974 So. 2d 403, 404 (Fla. 2d DCA 2007). We reverse and remand with directions.

In February, 2016 the court-appointed GAL moved to compel payment of her fees, which have been substantially unpaid since her appointment in January 2015.[1] The trial court granted the GAL's motion to compel payment of her fees, and did so by ordering the Father to divert $200 of his child support payment each month directly to the GAL for payment of her fees, thereby reducing his overall child support obligation, until further order of the court. The trial court ordered the Father to make the remainder of his monthly child support payment to the Mother. In addition, the trial court amended its order requiring the Father to pay monthly child support to the central depository, to instead direct $100 into the central depository for ongoing child support.[2]

---

[1] The Mother alleges that as of September 2015, the GAL's fees have exceeded $16,000 total.

[2] It is unclear from the record before us what the parties' child support obligations were before the current order on appeal was rendered.

2

Although there may be evidentiary support below for the trial court's decision to modify the Father's child support obligation, we are compelled to reverse because the trial court's order does not set forth specific statutory findings as to the parties' income, the basis for the modified support amount, or any justification for a departure from the guidelines. § 61.30(1) (a), Fla. Stat. (1995); Hooper v. Hooper, 681 So. 2d 833, 833 (Fla. 1st DCA 1996); Jones v. Jones, 636 So. 2d 867 (Fla. 4th DCA 1994); see also, Hardy v. Hardy, 659 So. 2d 1246 (Fla. 1st DCA 1995); Wilcox v. Munoz, 35 So. 3d 136, 139 (Fla. 2d DCA 2010) (holding the failure to include findings regarding the parties' incomes for purposes of child support calculations renders a judgment facially erroneous, and the absence of a transcript does not preclude reversal on that basis).

More significant, however, is that part of the order directing the Father to pay a portion of the GAL fees directly from his child support obligation. We find this to be error, as child support payments may not be subordinated to attorney's fees, i.e., the court-appointed GAL's fees. See, e.g., Rotta v. Rotta, 34 So. 3d 107, 108 (Fla. 3d DCA 2010); Brake v. Sanches-Lopez, 452 So. 2d 1071 (Fla. 3d DCA 1984) (holding an attorney's charging lien is not enforceable against child support payments); compare, Jaeger v. Jaeger, 182 So. 3d 697, 698 (Fla. 4th DCA 2015) (holding a charging lien could not be asserted against an award of undifferentiated family support where that included child support). See also Cortina v. Lorie, 95

3

So. 3d 467, 468 (Fla. 3d DCA 2012) (finding accrued child support, or child support in arrears, become vested rights of the payee and vested obligations of the payor that are not subject to retroactive modifications, absent a pleading and proof of compelling circumstances).

Finally, there are no findings in the order or record on appeal supporting the GAL's requested fees, what those services were or their claimed value. See In re Hollenbeck's Estate, 137 So. 2d 854, 856 (Fla. 3d DCA 1962) (holding the trial court has discretion to allow guardian ad litem fees if reasonable under the circumstances, and the party moving for the fees has the burden to show through testimony, affidavits or otherwise, the services performed and their reasonable value). In addition, there is nothing in the order on appeal or the record before us to indicate the trial court made any determination of the Mother's or Father's current ability to pay the court-appointed guardian fees.[3] We do not dispute that the court-appointed guardian is entitled to payment but require that on remand the trial court determine both the party or parties responsible for payment of the guardian's fees and costs and the proper amount due.

We therefore reverse that portion of the order on appeal that purports to pay the GAL's outstanding fees from any child support payment, and the child support payments status quo ante shall be restored. We remand with directions that the

---

[3] The Mother consistently maintains that she is on public assistance and cannot afford to make the fee payments.

trial court consider the evidence supporting the GAL's request for fees and include in any order those findings necessary to justify the grant of reasonable fees for specific and documented services rendered, and from whom those fees are due. The hearing on the GAL's motion to compel payment of fees shall not be used as a means to modify child support obligations, and those fees, if granted, may not be paid out of child support. If either the Father or the Mother files or has filed a petition with the court to modify child support, the trial court shall expeditiously hear the matter and include in any order rendered the necessary statutory findings pursuant to section 61.30, Florida Statutes (2016).

Reversed and remanded with instructions.