# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-916
Lower Tribunal No. 07-18012
_____


**Christa Adkins,**
Petitioner,

vs.

**Michael Sotolongo,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Christa Adkins, in proper person.

Abramowitz and Associates, and Evan L. Abramowitz, for respondent Michael Sotolongo.

Phillips Lanier, PLLC, and Emily Joyce Phillips, as former Guardian ad Litem.

Before ROTHENBERG, C.J., and LOGUE and LUCK, JJ.

ROTHENBERG, C.J.

What began as a child custody dispute between Christa Adkins, the mother, and Michael Sotolongo, the father, has now developed into a dispute relating to the reasonableness of the fees charged by the court-appointed guardian ad litem ("the guardian") and the guardian's attorney and as to what extent Ms. Adkins should be responsible for those fees. Ms. Adkins, who was ultimately granted full custody of the minor child, contends that the fees demanded are unreasonable, and the record appears at least partially to support that belief as the guardian has "corrected" some of her billings during the litigation over her fees.

The matter currently before this Court is Ms. Adkins' certiorari petition, wherein she contends that the trial court departed from the essential requirements of law, resulting in irreparable harm that cannot be remedied on direct appeal, by ordering Ms. Adkins, who has been declared to be indigent, to advance the guardian's fees and the guardian's attorney's fees prior to the taking of the guardian's deposition. Ms. Adkins wishes to depose the guardian to address the basis for the fees demanded by the guardian in connection with the guardian's services during the child custody dispute. Because the guardian's fees have not yet been paid, the guardian sought, and was granted, an order by the trial court requiring Ms. Adkins to pay for the fees associated with the taking of the guardian's deposition as a prerequisite to actually taking the deposition. In other words, Ms. Adkins must pay to play.

We conclude that the trial court's order both departs from the essential requirements of law and is in violation of a prior opinion issued by this Court. See Adkins v. Sotolongo, 197 So. 3d 1233 (Fla. 3d DCA 2016). In Adkins, the trial court's order regarding the payment of the guardian's fees was the subject of the appeal. In reversing the order, this Court noted:

> "[T]here [were] no findings in the order or record on appeal supporting the [guardian's] requested fees, what those services were or their claimed value . . . [and] nothing in the order on appeal or the record before us to indicate the trial court made any determination of the Mother's or Father's current ability to pay the court-appointed guardian fees."

Adkins, 197 So. 3d at 1234-35 (citation and footnote omitted). The opinion further states: "We do not dispute that the court-appointed guardian is entitled to payment but require that on remand the trial court determine both the party or parties responsible for payment of the guardian's fees and costs and the proper amount due." Id. at 1235.

On remand, Ms. Adkins sought discovery, including the guardian's deposition, specifically related to the issue on remand—the evidence of the services performed by the guardian and the reasonableness of her requested fees. The guardian objected to spending any more of her time without being paid. While the guardian's frustration with not having been paid for her services is understandable, to require Ms. Adkins to pre-pay for the taking of her deposition was error in this case.

First, we note that Ms. Adkins has indigency status. Second, the trial court has not yet determined which of the parties are responsible for the payment of the guardian's fees. Third, the trial court has not yet made a determination as to Ms. Adkins' ability to pay for either the fees owed or the costs associated with the discovery deposition of the guardian. It was therefore error to require Ms. Adkins to pay the guardian's fees for the deposition and to further require that she pay the fees in advance.

We conclude that the irreparable harm requirement has been demonstrated. Certiorari review of a discovery order is permitted when the discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings and effectively leaving no remedy on appeal. Banco Latino (S.A.C.A.) v. Kimberly, 979 So. 2d 1169 (Fla. 3d DCA 2008). A trial court's denial of a party's right to depose a material witness has been found to constitute irreparable harm subject to certiorari review. Beekie v. Morgan, 751 So. 2d 694, 698 (Fla. 5th DCA 2000).

In Ruiz v. Steiner, 599 So. 2d 196, 198-99 (Fla. 3d DCA 1992), this Court noted that certiorari review of orders denying discovery has been granted in circumstances involving the denial of the right to take testimony of an alleged material witness because such a denial generally cannot be remedied on appeal since "there would be no practical way to determine after judgment what the

4

testimony would be or how it would affect the result." (quoting Travelers Indem. Co. v. Hill, 388 So. 2d 648, 650 (Fla. 5th DCA 1980)); see also Giacalone v. Helen Ellis Mem'l Found., Inc., 8 So. 3d 1232, 1234-35 (Fla. 2d DCA 2009) ("[W]hen the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party's claim, defense, or counterclaim, relief by writ of certiorari is appropriate. The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings") (footnote omitted).

Although the trial court has not prohibited Ms. Adkins from taking the guardian's deposition, because of Ms. Adkin's indigency status, the trial court has effectively precluded it. Ms. Adkins has been declared indigent in both the circuit court and this Court. She receives public assistance for herself and her two children. The record also reflects that Ms. Adkins, who is deeply in debt, has had to borrow money ($10,000) from her elderly father to pay for legal assistance and to pay her share of a former guardian ad litem's outstanding fees. She is currently representing herself.

The trial court's order denying Ms. Adkin's motion to compel the guardian's deposition and the guardian's responses to interrogatories and request for production, and the order granting the guardian's motion for a protective order

5

effectively preclude Ms. Adkins from any meaningful opportunity to mount a defense to the guardian's fees, which Ms. Adkins contends were incurred in bad faith and not supported in fact. We also note that when Ms. Adkins attempted to cross-examine the guardian regarding her fees at the February 22, 2017 hearing, the trial court precluded the cross-examination and told Ms. Adkins she needed to take a discovery deposition of the guardian. However, Ms. Adkins's attempts to comply with the trial court's ruling have been stymied by the trial court's March 30, 2017 order granting the guardian's motion for a protective order from the discovery deposition.

In conclusion, the trial court's order denying Ms. Adkin's discovery requests and requiring her to advance the guardian's and the guardian's attorney's fees before she may take the guardian's deposition—all of which goes to the heart of Ms. Adkin's defense—is a departure from the essential requirements of law. The irreparable harm prong has also been demonstrated. Without being able to conduct discovery, the opportunity to prepare a defense to the fees demanded will be materially impacted, which harm cannot be remedied on plenary appeal because there would be no practical way to determine what evidence would have been obtained had the discovery been permitted. We also find that the trial court's order violates the substance and intent of this Court's opinion in <u>Adkins</u>, which ordered that upon remand, the trial court was to determine which of the parties would be

6

responsible for the payment of the guardian's fees and costs and the proper amount

due. We, therefore, grant the petition.

Petition granted.

LUCK, J., concurring:

The majority opinion grants the petition for writ of certiorari because "[a] trial court's denial of a party's right to depose a material witness has been found to constitute irreparable harm subject to certiorari review." Maj. Op. at 4. I concur because the majority opinion faithfully applies our precedent.[1] I write separately because in my view we have stretched our certiorari jurisdiction too far in reviewing mid-litigation orders denying discovery depositions.

"Certiorari review of a discovery order is permitted," as the majority opinion correctly explains, "when the discovery order departs from the essential requirements of law, causing material injury to a petition throughout the remainder of the proceedings and effectively leaving no remedy on appeal." Id. "The second and third elements are sometimes referred to as irreparable harm, and [t]he

---

[1] See, e.g., Sabol v. Bennett, 672 So. 2d 93, 94 (Fla. 3d DCA 1996) ("This court has previously recognized that an order which has the effect of denying a party the right to depose an alleged material witness inflicts the type of harm that cannot be corrected on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result. (quotation omitted)); Medero v. Fla. Power & Light Co., 658 So. 2d 566, 567 (Fla. 3d DCA 1995) ("[C]ertiorari review of orders denying discovery has been granted where it was found that the injury caused by the order was irreparable. In circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." (citation and quotation omitted)); Ruiz v. Steiner, 599 So. 2d 196, 198 (Fla. 3d DCA 1992) ("[T]he denial of the right to take testimony of an alleged material witness . . . cannot be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." (quotation omitted)).

establishment of irreparable harm is a condition precedent to invoking certiorari jurisdiction." Hernandez v. Fla. Peninsula Ins. Co., 211 So. 3d 1126, 1128 (Fla. 3d DCA 2017) (quotations omitted; alteration in original).

In our cases granting certiorari review where the trial court denied a party the right to depose a material witness, the only rationale we have given for meeting the jurisdictional-irreparable-harm standard has been that "such a denial cannot be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." Ruiz, 599 So. 2d at 198 (quotation omitted). Judge Padovano has explained the weaknesses of this rationale as it applies to mid-litigation discovery disputes:

> The reason most often given for allowing review of an order denying discovery is that the appellate court would not know what the information was that was excluded and, as a consequence, the court would not know how the information might have affected the outcome of the case. This argument has some practical appeal but it also has two weaknesses. First, it is an argument that could be made about any order denying discovery. The danger in applying the rationale of the argument too freely is that it might convert an extraordinary remedy into a routine step in the process. Second, the argument fails to take full account of the remedies that are available on direct appeal. In many cases it may be an adequate remedy to reverse the judgment for a new trial to be conducted with the benefit of the discovery previously denied.

Philip J. Padovano, Florida Appellate Practice § 30:5 (2016 ed.) (footnote omitted).

I agree with Judge Padovano because there are practical ways, pre-judgment, the party seeking to depose a material witness can present that witness's testimony

to preserve the argument that the lack of deposition affected the result. The party seeking to depose the material witness can: (1) proffer the questions and anticipated testimony; (2) have the attorney proffer the harm caused in preparing the case for trial; (3) subpoena the material witness for trial and question the witness outside the presence of the jury; (4) subpoena the material witness for trial and ask the deposition questions in front of the jury; (5) take the deposition after trial in support of a new trial motion; (6) ask that the material witness be ordered to present an affidavit of anticipated testimony; or (7) seek some combination of these things. Using these tools, we regularly review as an issue on final appeal whether there was a reasonable probability an error affected the result of the trial (the harmless error standard) based on proffered testimony that was excluded. We could easily do the same for the harmful denial of a discovery deposition.

Ms. Adkins's case presents a good example. The trial court effectively (because of imposed costs) denied her the right to depose a material witness in advance of the evidentiary hearing on guardianship fees. Ms. Adkins could have proffered the questions she would have asked at the deposition and what the anticipated answers would have been. Ms. Adkins could have called the material witness to testify at the evidentiary hearing, asked the same questions she would have asked at the deposition, and pointed out to the trial court how she was prejudiced by not having that information in advance of the hearing. Either way,

we would know pre-judgment what the deposition testimony would have been and how it would have affected Ms. Adkins's preparation for, and the result of, the hearing.

Because it is difficult to show that trial court error cannot be fixed as part of a final appeal, the "general rule" is that orders denying discovery are ordinarily not reviewable by certiorari. Ruiz, 599 So. 2d at 197. This general rule is consistent with our constitutional structure limiting direct appeals of nonfinal orders, and saving everything else for final appeal. See Fla. Const. art. V, § 4(b)(1) ("District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts . . . . They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court."); Fla. R. App. P. 9.130(a)(3) ("Appeals to the district courts of appeal of non-final orders are limited . . . ."). Loosening our certiorari jurisdiction to review all improper denials of material witness depositions, as we have done, is a backdoor way around the constitutional limitation on appeals from nonfinal orders, and usurps the Florida Supreme Court's authority to designate certain nonfinal orders as appealable.

If I were writing on a clean slate, instead of a blanket rule finding irreparable harm in all cases where the trial court denied a deposition of a material witness, I would look on a case-by-case basis whether the discovery error caused a material

11

injury to the petitioner that affected the rest of the proceedings, and that cannot be remedied on direct appeal. However, there being no clean slate, the majority opinion correctly applies our district's case law, and I join it.