ROTHENBERG, C.J. What began as a child custody dispute between Christa Adkins, the mother, and Michael Sotolongo, the father, has now developed into a dispute relating to the reasonableness of the fees charged by the court-appointed guardian ad litem (“the guardian”) and the guardian’s attorney and as to what extent Ms. Adkins should be responsible for those fees. Ms. Adkins, who was ultimately granted full custody of the minor child, contends that the fees demanded are unreasonable, and the record appears at least partially to support that belief as the guardian has “corrected” some of her billings during the litigation over her fees. The matter currently before this Court is Ms. Adkins’ certiorari petition, wherein she contends that the trial court departed from the essential requirements of law, resulting in irreparable harm that cannot be remedied on direct appeal, by ordering Ms. Adkins, who has been declared to be indigent, to advance the guardian’s fees and the guardian’s attorney’s fees prior to the taking of the guardian’s deposition. Ms. Adkins wishes to depose the guardian to address the basis for the fees demanded by the guardian in connection with the guardian’s services during the child custody dispute. Because the guardian’s fees have not yet been paid, the guardian sought, and was granted,.an order by the trial court requiring Ms. Adkins to pay for the fees associated with the taking of the guardian’s deposition as a prerequisite to actually taking the deposition. In other words, Ms. Adkins must pay to play. We conclude that the trial court’s order both departs from the essential requirements of law and is in violation of a prior opinion issued by this Court. See Adkins v. Sotolongo, 197 So.3d 1233 (Fla. 3d DCA 2016). In Adkins, the trial court’s order regarding the payment of the guardian’s fees was the subject of the appeal. In reversing the order, this Court noted: “[Tjhere [were] no findings in the order or record on appeal supporting the [guardian’s] requested fees, what those services were or their claimed value ... [and] nothing in the order on appeal or the record before us to indicate the trial court made any determination of the Mother’s or Father’s current ability to pay the court-appointed guardian fees.” Adkins, 197 So.3d at 1234-35 (citation and footnote omitted). The opinion further states: “We do not dispute that the court-appointed guardian is entitled to payment but require that on remand the trial court determine both the party or parties responsible for payment of the guardian’s fees and costs and the proper amount due.” Id. at 1235. On remand, Ms. Adkins sought discovery, including the guardian’s deposition, specifically related to the issue on re-. mand—the evidence of the services ■ performed by the guardian and the reasonableness of her requested fees. The guardian, objected to spending any more of her time without being paid. While the guardian’s frustration with not having been paid for her services is understandable, to require Ms. Adkins to pre-pay for the taking of her deposition was error in this case. ' First, we note that Ms. Adkins has indigency status. Second, the trial court has not yet determined which of the parties are responsible for the payment of the guardian’s fees. Third, the trial court has not yet.made a determination as to Ms. Adkins’ ability to pay for either the fees owed or the costs associated -with the discovery depositioh of the guardian. It was therefore error to require Ms. Adkins to pay the guardian’s fees for the deposition and to further require that she pay the fees in advance. We conclude that the irreparable harm requirement has been demonstrated. Certiorari review of a discovery order is permitted when the discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the . proceedings and effectively leaving no remedy on appeal. Banco Latino (S.A.C.A.) v. Kimberly, 979 So.2d, 1169 (Fla. 3d DCA 2008). A trial court’s denial of a party’s right to depose a material witness has been found to constitute irreparable harm subject to certiorari review. Beekie v. Morgan, 751 So.2d 694, 698 (Fla. 5th DCA 2000). In Ruiz v. Steiner, 599 So.2d 196, 198-99 (Fla. 3d DCA 1992), this Court noted that certiorari review of orders denying discovery has -been granted in circumstances involving the denial of the right to take testimony of an alleged material witness because such a denial generally cannot be remedied on appeal since “there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.” (quoting Travelers Indem. Co. v. Hill, 388 So.2d 648, 650 (Fla. 5th DCA 1980)); see also Giacalone v. Helen Ellis Mem’l Hosp. Found., Inc., 8 So.3d 1232, 1234-35 (Fla. 2d DCA 2009) (“[W]hen the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party’s claim, defense, or counterclaim, relief by writ of certiorari is appropriate. The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings”) (footnote omitted). Although the trial court has not prohibited Ms. Adkins from taking the guardian’s deposition, because of Ms. Adkin’s indigen-cy status, the trial court has effectively precluded it. Ms. Adkins has been declared indigent in both the circuit court and this Court. She receives public assistance for herself and her two children. The record also reflects that Ms. Adkins, who is deeply in debt, has had to borrow money ($10,-000) from her elderly father to pay for legal assistance and to pay her share of a former guardian ad litem’s outstanding fees. She is currently representing herself. The trial court’s order denying Ms. Ad-kin’s motion to compel the guardian’s deposition and the guardian’s responses to interrogatories and request for production, and the order granting the guardian’s motion for a protective order effectively preclude Ms. Adkins from any meaningful opportunity to mount a defense to the guardian’s fees, which Ms. Adkins contends were incurred in bad faith and not supported in fact. We also note that when Ms. Adkins attempted to cross-examine the guardian regarding her fees at the February 22, 2017 hearing, the trial court precluded the cross-examination and told Ms. Adkins she needed to take a discovery deposition of the guardian. However, Ms. Adkins’s attempts to comply with the trial court’s ruling have been stymied by the trial court’s March 30, 2017 order granting the guardian’s motion for a protective order from the discovery deposition. In conclusion, the trial court’s order denying Ms. Adkin’s discovery requests and requiring her to advance the guardian’s and the guardian’s attorney’s fees before she may take the guardian’s deposition—all of which goes to the heart of Ms. Adkin’s defense—is a departure from the essential requirements of law. The irreparable harm prong has also been demonstrated. Without being able to conduct discovery, the opportunity to prepare a defense to the fees demanded will be materially impacted, which harm cannot be remedied on plenary appeal because there would be no practical way to determine what evidence would have been obtained had the discovery been permitted. We also find that the trial court’s order violates the substance and intent of this Court’s opinion in Adkins, which ordered that upon remand, the trial court was to determine which of the parties would be responsible for the payment of the guardian’s fees and costs and the proper amount due. We, therefore, grant the petition. Petition granted.