# Third District Court of Appeal

## State of Florida

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1893
Lower Tribunal No. 15-13758
_____

**Nadezda A. Solonina,**
Petitioner,

vs.

**Artglass International, LLC, etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Weinstein Law, P.A., and Morgan L. Weinstein (Hollywood), for petitioner.

The Strauss Law Firm, P.A., and David A. Strauss (Fort Lauderdale), for respondent.

Before ROTHENBERG, C.J., and FERNANDEZ and SCALES, JJ.

ROTHENBERG, C.J.

Nadezda A. Solonina ("Nadezda"), the plaintiff below, petitions this Court for a writ of certiorari to quash the trial court's order which she contends: (1) denies her the ability to take the depositions of three key witnesses; and (2) denies Nadezda, herself, a critical witness, to be present at her own trial. Because we conclude that the trial court's order is a departure from the essential requirements of law which will cause material injury for which there is no adequate remedy on plenary appeal, we grant the petition and quash the order on review.

### Jurisdiction

A. <u>The denial of a party's right to depose a material witness</u>

Generally, orders denying discovery are not reviewable by certiorari. <u>Ruiz v. Steiner</u>, 599 So. 2d 196, 197 (Fla. 3d DCA 1992). The exception to the general rule is where the discovery order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceedings and effectively leaving no adequate remedy on appeal. <u>Adkins v. Sotolongo</u>, 227 So. 3d 717, 719 (Fla. 3d DCA 2017) (citing <u>Banco Latino (S.A.C.A.) v. Kimberly</u>, 979 So. 2d 1169 (Fla. 3d DCA 2008)).

A trial court's denial of a party's right to depose a material witness has been found to constitute irreparable harm subject to certiorari review. <u>See Adkins</u>, 227 So. 3d at 719-20; <u>Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc.</u>, 8 So. 3d 1232, 1234-35 (Fla. 2d DCA 2009) (footnote omitted) ("[W]hen the requested

2

discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party's claim, defense, or counterclaim, relief by writ of certiorari is appropriate. The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings."); Ruiz, 599 So. 2d at 199 ("[I]n circumstances involving the denial of the right to take testimony of an alleged material witness, it has been recognized that such a denial cannot be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result.") (internal quotation marks omitted); see also Bush v. Schiavo, 866 So. 2d 136, 140 (Fla. 2d DCA 2004); Beekie v. Morgan, 751 So. 2d 694, 698 (Fla. 5th DCA 2000); Criswell v. Best W. Int'l, Inc., 636 So. 2d 562, 563 (Fla. 3d DCA 1994).

B. The denial of a party's motion for a continuance

"Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on the party's behalf . . . and the denial of this right is fundamental error." Julia v. Julia, 146 So. 3d 516, 520 (Fla. 4th DCA 2014) (quoting Pettry v. Pettry, 706 So. 2d 107, 108 (Fla. 5th DCA 1998)). While the trial court possesses broad discretion in granting or denying a continuance, "there are instances in which a trial court's denial of a motion for continuance may be an

abuse of discretion." <u>Thompson v. Gen. Motors Corp.</u>, 439 So. 2d 1012, 1013 (Fla. 2d DCA 1983).

In <u>Julia</u>, the Fourth District Court of Appeal noted that "[w]hile courts have broad authority to control their dockets, trial judges must use this authority to manage their courtrooms so that the people's business may be conducted fairly, efficiently, and expeditiously," <u>Julia</u>, 146 So. 3d at 522 (internal quotation marks omitted), and further recognized the difficulty in balancing a party's right to have his day in court with the need to manage one's docket and to consider the interests of the opposing party. <u>Id.</u> In balancing these competing interests, the court concluded that where the wife was not afforded the opportunity to present her case fully, her due process rights were violated. <u>Id.</u> at 518.

Likewise, the Second District Court of Appeal in <u>Thompson</u> granted Thompson's petition for writ of certiorari after the trial court denied his motion for a continuance due to his counsel's illness. <u>Thompson</u>, 439 So. 2d at 1013-14. The Second District found that the trial court had departed from the essential requirements of law and that it could not say that Thompson would have had an adequate remedy on appeal because there would be no way to determine how counsel's illness affected his performance at trial. <u>Id.</u>

## Application of the Law to the Instant Case

This case involves a contract dispute between the parties. Nadezda claims to be the only witness with personal knowledge of the terms of the contract and thus she claims she is a necessary witness at trial. Nadezda also submitted an affidavit outlining her counsel's unsuccessful attempts to depose three material witnesses. Specifically, she explained that her counsel attempted on several occasions to coordinate the depositions of these witnesses with defense counsel but on each occasion her counsel was advised that the witnesses were unavailable. Then, after counsel was finally able to coordinate the depositions of these three witness for March 21 and March 23, 2018, the depositions were cancelled due to the withdrawal of the defendant's counsel. Further inquiries regarding the availability of the witnesses went unanswered by both the witnesses and the defendant's new counsel.

The trial was initially set for September 25, 2018. Nadezda's trial counsel, however, informed the trial court that he had a prepaid vacation in which he would be out of the country from September 11, 2018 until September 25, 2018 and that Nadezda, her husband, and her three children would be on a prepaid trip around the world from August 16, 2018 until May 31, 2019. On August 17, 2018 the trial court rescheduled the trial to September 27, 2018. Thus, although it appears that the trial court attempted to accommodate trial counsel's vacation time by resetting

5

the trial for two days after his return, the trial court reset the trial during a period of time in which the trial court knew that Nadezda would not be available.

Based on these facts, we conclude that the trial court's order departs from the essential requirements of law resulting in irreparable harm. First, Nadezda's counsel has not been able to depose three material witnesses based on the witnesses' and opposing counsel's unavailability. Without being able to conduct meaningful discovery, Nadezda's counsel will not be able to properly prepare his case and "there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings." Giacalone, 8 So. 3d at 1234-35; see also Ruiz, 599 So. 2d at 198 (finding that the denial of the right to take the deposition of an alleged material witness generally cannot be remedied on appeal because there is no practical way to determine after judgment how that denial may have affected the verdict).

Although the trial court has not prohibited Nadezda from deposing these three alleged material witnesses, because her trial counsel has no ability to depose them prior to trial because he is out of the country, the trial court has in effect precluded them. See Adkins, 227 So. 3d at 720 (finding that because Ms. Adkins was declared indigent and she was being required to advance the guardian's and the guardian's attorney's fees prior to the taking of the guardian's deposition, the trial court had effectively precluded the taking of the deposition).

6

Second, and more importantly, when the trial court continued the trial, it reset the trial date to September 27, 2018 even though the trial court was fully aware that Nadezda, who is the plaintiff and a material witness, would be out of the country and unable to attend her own trial. The re-setting of the trial during a period of time in which the trial court knew Nadezda would not be available, effectively denies Nadezda her day in court and is thus a denial of her right to due process. As previously stated: "Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on the party's behalf . . . and the denial of this right is fundamental error." Julia, 146 So. 3d at 520 (quoting Pettry v. Pettry, 706 So. 2d 107, 108 (Fla. 5th DCA 1998)). "The opportunity to be heard must be 'full and fair, not merely colorable or illusive.'" Julia, 146 So. 3d at 520 (quoting Pelle v. Diners Club, 287 So. 2d 737, 738 (Fla. 3d DCA 1974)); see also Pelle, 287 So. 2d at 738 (concluding that Pelle was denied the protection of his constitutionally guaranteed right to due process of law where the trial court failed to provide Pelle with the opportunity to present his case-in-chief).

We additionally note that the request by Nadezda for a continuance was not open-ended. Her request was specific and finite. Continuing the case until Nadezda returns will provide her trial counsel with enough time to compel attendance of the witnesses for their depositions and the opportunity to call Nadezda as a witness. Thus, we agree with our sister court in Thompson, that

7

"[w]hile we are loath to interfere with trial scheduling, we hold that the trial court departed from the essential requirements of law in refusing to grant the [requested] continuance." Id. at 1013.

## **Conclusion**

The trial court departed from the essential requirements of law by granting Nadezda's motion for a continuance of the trial but then re-scheduling the trial for a date the trial court knew she would not be available. We also conclude that the trial court's trial order, which requires Nadezda's counsel to proceed to trial without having deposed three material witnesses and without the plaintiff, Nadezda, who is also a material witness, will cause material injury throughout the remainder of the proceedings that cannot be remedied on direct appeal. We, therefore, grant the petition, quash the order on review, and remand for further proceedings consistent with this opinion.

Petition granted.