# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2025-2776
Lower Tribunal No. 2024-CA-000696

_____

NATALIA SOLOID, YURUI SOLOID, ARSENI SOLOID, and ILARIA SOLOID,

Petitioners,

v.

TEDD KING and BRENDAN KING,

Respondents.

_____

Petition for Writ of Certiorari to the Circuit Court for Collier County.
James F. Stewart, Judge.

March 20, 2026

PER CURIAM.

DISMISSED. *See, e.g.*, *State v. Garcia*, 350 So. 3d 322, 326 (Fla. 2022) ("In the absence of irreparable harm incapable of remedy on postjudgment appeal, the district court had no jurisdiction to issue a writ of certiorari."); *CPPB, LLC v. Taurus Apopka City Ctr., LLC*, 375 So. 3d 327, 329 (Fla. 6th DCA 2023) ("As has been written many times over, the common law writ of certiorari is an extraordinary remedy and is intended to be available only in limited circumstances. . . . Appellate courts may grant a petition for certiorari only when the petitioner establishes (1) a

departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." (citations and internal quotation marks omitted)); *Regala v. McDonald*, 374 So. 3d 855, 858 (Fla. 6th DCA 2023) ("Because the second and third elements, which are jointly referenced as 'irreparable harm,' are jurisdictional, they must be established before the first element, i.e., the merits, may be addressed." (citations omitted)); *Boyd v. Pheo, Inc.*, 664 So. 2d 294, 295 (Fla. 1st DCA 1995) ("[O]rders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm."); *see generally Adkins v. Sotolongo*, 227 So. 3d 717, 721 (Fla. 3d DCA 2017) (Luck, J., concurring) ("The reason most often given for allowing review of an order denying discovery is that the appellate court would not know what the information was that was excluded and, as a consequence, the court would not know how the information might have affected the outcome of the case. This argument has some practical appeal but it also has two weaknesses. First, it is an argument that could be made about any order denying discovery. The danger in applying the rationale of the argument too freely is that it might convert an extraordinary remedy into a routine step in the process. Second, the argument fails to take full account of the remedies that are available on direct appeal. In many cases it may be an adequate remedy to reverse the judgment for a

2

new trial to be conducted with the benefit of the discovery previously denied."

(quoting Philip J. Padovano, *Florida Appellate Practice* § 30:5 (2016 ed.))).

STARGEL, WHITE and PRATT, JJ., concur.


Raymond Christopher, of Ave Maria Law Center, Ave Maria, for Petitioners.

Nicholas R. Consalvo and Kevin D. Franz, of Boyd & Jenerette, P.A., Boca Raton, for Respondents.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED