690 So.2d 755 (1997)
Albert Edward QUINTON, III, Petitioner,
v.
Robert HORVATH; Anderson, Moss, Parks & Sherouse, P.A., and Robert L. Parks, Respondents.
No. 97-1047.
District Court of Appeal of Florida, Third District.
April 11, 1997.
Kuvin Lewis Restain & Stettin, P.A., and R. Fred Lewis, Miami, for petitioner.
Herman Roof Borgognoni & Moore and Jeffrey M. Herman and Jeffrey S. Grubman, Miami, for respondent Horvath.
Before JORGENSON, FLETCHER and SORONDO, JJ.
PER CURIAM.
Albert Edward Quinton, III, seeks review of an order denying his motion for continuance of a trial scheduled to begin Monday, April 14. We grant the petition; quash the order under review; and remand.
Quinton is a defendant in a complex legal malpractice action filed in 1995 that involves multiple parties, bankruptcy issues, multiple expert witnesses, and automobile franchise litigation. Quinton's lead attorney was taken seriously ill shortly before trial was originally scheduled to begin in March. The trial court granted a continuance until April 14. In early April, the lead attorney's associate was also taken seriously ill. Both attorneys are under the care of cardiologists and are precluded from participating in the litigation.
Quinton moved for a continuance of the April 14 trial date; the trial court denied the motion, and in so doing, abused its discretion and departed from the essential requirements of law. See Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933) (abuse of discretion to deny motion for continuance when trial counsel unable to proceed because of family emergency); Thompson v. General Motors Corp., 439 So.2d 1012 (Fla. 2d DCA 1983) (abuse of discretion for trial court to deny motion for continuance when trial counsel became ill).
In this case, it was not only Quinton's lead attorney, but the attorney's associate as well, who became seriously ill. In light of the complexity of this litigation and the amount of preparation that was required by these attorneys, it was an abuse of discretion for the trial court to deny the motion for continuance.
Certiorari granted; order quashed.