756 So.2d 177 (2000)
SSJ MERCY HEALTH SYSTEMS, INC., d/b/a Mercy Hospitals, Inc., Petitioner,
v.
Elizabeth POSEY and Keith Posey, et al., and Brad Nitzberg, M.D., Respondents.
No. 4D00-0555.
District Court of Appeal of Florida, Fourth District.
April 2, 2000.
*178 Scott A. Mager of Mager & Associates, P.A., Fort Lauderdale, for petitioner.
Scott M. Newmark of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for respondent Elizabeth Posey.
PER CURIAM.
Petitioner SSJ Mercy Health System, Inc., d/b/a Mercy Hospital, Inc. filed an emergency petition for writ of certiorari seeking review of orders denying its emergency motion for continuance and its motion for rehearing. By order this court has already granted the petition and quashed the orders on review. We now issue this opinion explaining the basis for our decision.
Petitioner is one of numerous defendants in a very complex medical malpractice case filed in 1996 by Elizabeth Posey (Posey) and her husband, alleging negligent treatment of Posey in Petitioner's facility. Posey estimated the case would take two to three months to try, although subsequently most of the defendants settled with Posey, at the beginning of jury selection. The record reflects that although other attorneys in his firm have attended some of the numerous depositions and hearings in this case, one lead attorney has had the responsibility of representing Petitioner in this matter throughout, has been the one to communicate with the client, and was the only attorney in his firm fully conversant with the file.
In the middle of February, during jury selection, Petitioner's attorney received information that the condition of his wife, diagnosed with lung cancer in 1993, had seriously deteriorated so that she likely had only a matter of months to live. Intending to cease practicing law for the duration of his wife's final illness, counsel immediately turned all his files over to other attorneys and Petitioner filed an *179 emergency motion in the instant case, seeking a month-long continuance to give another attorney time to become familiar with the file and be able to try the case. When the trial court denied the motion, Petitioner filed a motion for rehearing, asking the court to consider affidavits by counsel and by Petitioner's general counsel to the effect that counsel was the only attorney who could ever competently represent Petitioner in this matter, asking the court to continue the case until such time as he were physically and emotionally able to do so. The trial court also denied this motion.
"A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion the court's decision will not be reversed on appeal." Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991). But "when undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error." Id.
We hold that the trial court abused its discretion in denying the month-long continuance requested so that another attorney could prepare to try this very complex case. See Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933) (holding it was an abuse of discretion to deny a motion for continuance on grounds the attorney could not adequately prepare for trial due to his wife's illness); Quinton v. Horvath, 690 So.2d 755 (Fla. 3d DCA 1997) (granting certiorari relief where lead attorney was taken seriously ill shortly before trial was scheduled, trial was continued, then lead attorney's associate was taken seriously ill shortly before the rescheduled trial date, both attorneys were precluded from participating in the litigation, and the court denied the party's motion for another continuance, in light of complexity of litigation and amount of preparation required); Thompson v. General Motors Corp., 439 So.2d 1012 (Fla. 2d DCA 1983) (quashing order denying continuance of trial after two prior postponements, on the grounds of the plaintiff's counsel's sudden ill health, which became critical about two weeks prior to trial, where a new attorney could not possibly be prepared by the trial date).
Although ordinarily an order denying continuance does not present the prospect of irreparable harm necessary for the exercise of certiorari jurisdiction, see, e.g., Smith v. State, 187 So.2d 61 (Fla. 2d DCA 1966), and this court regularly dismisses petitions seeking such relief, in this case we believe that forcing counsel to choose between effectively representing his client and caring for his wife in her final days creates the potential for harm that cannot be remedied on plenary appeal.
As this court stated in Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998),
Factors to be considered in determining whether the trial court abused its discretion in denying the motion for continuance include whether the denial of the continuance creates an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.
Posey and her husband had opposed the instant emergency motion for continuance because Petitioner previously had sought a continuance in the same case on January 3, 2000, when its counsel's wife was hospitalized with pneumonia and there was some concern as to whether her condition had become terminal at that time. The trial court granted Petitioner a two-week continuance and advised Petitioner that it should put another attorney on the case. However, the woman's condition appeared to stabilize; by January 6, counsel believed he would be able to try the case himself commencing on January 24, as it was then scheduled, and Petitioner withdrew its request *180 for any further continuance based on that episode. Posey argued that if Petitioner had turned the case over to other counsel at that time, successor counsel could have become prepared to try the case during the two-week continuance and the extensive voir dire that had resumed with a new venire after Posey settled with most of the defendants. In other words, it was Posey's position, and presumably the basis of the trial court's ruling, that the cause of the request for continuance in February was foreseeable by Petitioner, and was the result of its dilatory practice in not transferring the file to other counsel in January.
In view of the fact that counsel's wife has had a serious illness since 1993, with intermittent crises since that time, we do not think it was unreasonable for counsel to delay turning over his files to other attorneys in January, as he could not be expected to do so each time his wife faced a medical crisis which might well prove brief. Forcing Petitioner to proceed to trial with either severely preoccupied or severely underprepared opposing counsel seems too harsh a result, especially in light of the fact that Posey failed to demonstrate that any specific prejudice or substantial inconvenience would result from the granting of a brief continuance to allow another attorney to prepare to try the case.
Accordingly, we have quashed the order denying the Petitioner's emergency motion for continuance. However, we approve those statements by the trial court that the case cannot be put off indefinitely until such time as Petitioner's chosen counsel might again be capable of trying the case, but only until another attorney can reasonably prepare to do so. See Thompson.
KLEIN, GROSS and TAYLOR, JJ., concur