916 So.2d 22 (2005)
YOUNG CIRCLE GARAGE LLC, a Florida limited liability company, Petitioner,
v.
Franklin D. KOPPEL, individually, Home Equity Mortgage Corporation, a Florida corporation, Hart District, LLC, a Florida limited liability company, Hart District, Ltd., a Florida limited partnership, Hart District II, LLC, a Florida limited liability company, Hart District II, Ltd., a Florida limited liability company, Hollywood Community Redevelopment Agency, a not-for-profit organization, Mark H. Klein, individually, and Brawer, Klein & Mandell, LLP, a Florida limited liability partnership, Respondents.
Nos. 4D05-1603, 4D05-2680.
District Court of Appeal of Florida, Fourth District.
November 2, 2005.
Rehearing Denied January 5, 2006.
*23 Phil A. D'Aniello of Fassett, Anthony & Taylor, P.A., Orlando, for petitioner.
William R. Clayton and Alaine S. Greenberg of Greenberg Traurig, P.A., Fort Lauderdale, for respondent Home Equity Mortgage Corporation, a Florida corporation.
GROSS, J.
In these two consolidated petitions for writs of certiorari, Young Circle Garage LLC challenges pretrial discovery orders in ongoing litigation in the circuit court.
The first petition challenges an April 11, 2005 order that compels Young Circle to answer certain interrogatories; the second petition challenges a June 3, 2005 order granting respondent's motion for sanctions for failure to comply with the April 11 discovery order.
Young Circle is the plaintiff in an action seeking to quiet title, to cancel a mortgage, and for other relief. The complaint alleges that Young Circle owns real property in Broward County, that respondent, Franklin Koppel, falsely represented himself as the sole managing member of Young Circle to obtain a loan from respondent Home Equity Mortgage Corporation, and that Koppel executed a sales contract on behalf of Young Circle to sell the property to Hart District II, LLC, which assumed the mortgage.
Home Equity propounded a set of interrogatories to which Young Circle objected. The trial court entered the April 11 order directing Young Circle to answer specific interrogatories in specific ways. In some instances, the court limited the scope of the questions. The June 3, 2005 sanctions order required compliance with the April 11 order and assessed attorney's fees and costs "associated with the [m]otion" for sanctions, "[w]ithout prejudice to [Young Circle] to demonstrate ... that it in fact fully answered the interrogatories."
Review of a discovery order "by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995) (internal citations omitted). The trial court possesses broad discretion in determining the scope of allowable discovery. E.g., Rojas v. Ryder Truck Rental, Inc., 641 So.2d 855 (Fla.1994). The imposition of sanctions for discovery violations is a matter which falls within the discretion of the trial court. E.g., Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983).
We reject Young Circle's claim that the discovery order constitutes a departure from the essential requirements of law because it compels the production of information which is irrelevant to the lawsuit. That ordered discovery is irrelevant is not, without more, a basis for granting certiorari relief. See Allstate Ins. Co., 655 *24 So.2d at 94. Young Circle has demonstrated neither that the disclosure of materials will reasonably cause material injury of an irreparable nature, nor that responding to the requested discovery will constitute an undue burden. See Topp Telecom, Inc. v. Atkins, 763 So.2d 1197 (Fla. 4th DCA 2000). To the claim that the discovery order violates a right of privacy, we note that a "party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under [a] rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party." Friedman v. Heart Inst. of Port St. Lucie, 863 So.2d 189, 194 (Fla.2003). The trial court's determination of relevancy was within its broad discretion so that certiorari relief is not appropriate.
STEVENSON, C.J., and HAZOURI, J., concur.