CIKLIN, J.
The appellant, J.S., appeals his adjudication of delinquency. He argues that the trial court’s decision to deny his attorney’s motion to conduct a second deposition of the victim — after the State amended the charges from lewd and lascivious conduct to lewd and lascivious molestation— amounted to an abuse of discretion. Because J.S.’s counsel had a full opportunity to depose the victim on a closely related set of facts, we disagree and affirm.
Florida Rule of Juvenile Procedure 8.060(d)(2)(D) mirrors its adult counterpart and states that “[i]n any case, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown.” Before trial and after J.S.’s first deposition of the victim, the State amended the petition for delinquency to reflect a change in its charges from lewd and lascivious conduct to lewd and lascivious molestation.
Section 800.04(6)(a), Florida Statutes states that a person who “[(Intentionally touches a person under 16 years of age in *911 a lewd or lascivious manner” or solicits a person to “commit a lewd or lascivious act” commits “lewd or lascivious conduct.”
Section 800.04(5)(a), Florida Statutes states that “[a] person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age ... commits lewd or lascivious molestation.”
It is within a trial judge’s sound discretion as to the issue of granting or limiting discovery. Young Circle Garage LLC v. Koppel, 916 So.2d 22, 23 (Fla. 4th DCA 2005). At J.S.’s hearing on his motion to re-depose the victim, the State informed the trial court that at the victim’s first deposition, the victim was already asked (and she answered) questions about whether J.S., among other things, touched her breasts, buttocks, or genitals or the clothing covering them. J.S.’s lawyer attended and participated in this deposition and to defense counsel’s credit, admitted that “these were areas that I should have covered and I didn’t.” Given the particular facts of this case, defense counsel’s oversight is not the sort of “good cause shown” to subject the victim to a second deposition. The trial court was well within its discretion to deny the motion and thus, J.S.’s adjudication as a delinquent child is affirmed.

Affirmed.

GROSS, C.J., and WARNER, J., concur.