PER CURIAM.
Appellant, the former wife, seeks review of a non-final order denying her motion to compel Appellee, the former husband, to undergo an independent psychosexual evaluation as part of an ongoing dispute over the timesharing schedule for the parties’ three minor children. We do not have jurisdiction to review the order by appeal because the order did not determine the parties’ timesharing rights. See Fla. R. App. P. 9.130(a)(3)(C)(iii); Pool v. Bunger, 43 So.3d 837, 838 (Fla. 1st DCA 2010). We do not have jurisdiction to review the order by certiorari because the order merely denies a discovery request and any resulting harm can be remedied on appeal. See Eutsay v. State, 103 So.3d 181,182 (Fla. 1st DCA 2012) (“Unlike situations where a trial court erroneously compels the exchange of information (the proverbial ‘cat out of the bag1 orders), the harm done by the failure to provide information can be corrected on appeal in most cases.”); Boyd v. Pheo, Inc., 664 So.2d 294, 295 (Fla. 1st DCA 1995) (“[T]his court has adhered to the view that orders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm.”). Accordingly, we dismiss this appeal for lack of jurisdiction.
DISMISSED.
PADOVANO, WETHERELL, and MAKAR, JJ., concur.