IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CQB, 2010, LLC,

     Petitioner,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-2313

THE BANK OF NEW YORK
MELLON F/K/A THE BANK OF
NEW YORK, AS TRUSTEE FOR
THE CERTIFICATE HOLDERS
OF THE CWABS 2005-1 TRUST
FUND, ASSET - BACK TO
CERTIFICATES, SERIES 2005-1,
MONICA D TURNER, LATHAM
TURNER, HOUSEHOLD
FINANCE CORPORATION III,
UNITED STATES OF AMERICA,
SPRINGBROOK OWNERS
ASSOCIATION, INC.,
UNKNOWN TENANT IN
POSSESSION AT NUMBER ONE
AND NUMBER TWO, AND ALL
OTHER UNKNOWN PARTIES,

     Respondent.

_____/

Opinion filed October 6, 2015.S

Petition for Writ of Certiorari.

Heather Degrave, of Walters, Levine, Klingensmith & Thomison, P.A., Tampa, for
Petitioner.

Mary Pascal Stella, Daniel Stein, and David Rosenberg, of Popkin & Rosaler, P.A.,
Deerfield Beach, for Respondent.

KELSEY, J.

Petitioner, as the current owner of the property subject to the foreclosure action below, seeks certiorari review of an order granting less than all of Petitioner's requested discovery. Petitioner's very broad discovery requests related to the defenses that Respondent lacked standing to foreclose; and that all mortgages on the property had been satisfied before Petitioner acquired the property, as evidenced by a satisfaction of mortgage recorded in the public records. Under the very high jurisdictional threshold for certiorari review of orders denying discovery, we are without jurisdiction and we must dismiss the petition.

Even outside the context of orders denying discovery, certiorari is appropriate only "when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995). The requirement of material, irreparable harm is jurisdictional. We must dismiss the petition if it is not met. Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454-55 (Fla. 2012).

In the narrower context of orders denying discovery, the already "extremely rare" certiorari remedy becomes even rarer. See id. at 455 (quoting Martin-Johnson,

2

Inc. v. Savage, 509 So. 2d 1097, 1098-99 (Fla. 1987)). This Court "has adhered to the view that orders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm." Boyd v. Pheo, Inc., 664 So. 2d 294, 295 (Fla. 1st DCA 1995); see also Goslin v. Preisser, 148 So. 3d 869, 870 (Fla. 1st DCA 2014) ("We do not have jurisdiction to review the order by certiorari because the order merely denies a discovery request and any resulting harm can be remedied on appeal.").

For a denial of discovery to constitute material, irreparable harm, thus conferring certiorari jurisdiction, the denial must "effectively eviscerate[] a party's claim, defense, or counterclaim." Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009). In that circumstance, there would be no adequate appellate remedy because "there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings." Id.

Petitioner argues that its standing defense was eviscerated because the order denied Petitioner's broad requests for all documents in the entire chain of assignments since origination of the subject loan. However, the trial court granted discovery of documents evidencing the foreclosing bank's acquisition of the subject note. Standing to foreclose requires only proof that the foreclosing party held the note when it filed the action. Proof of prior assignments is unnecessary. See §§ 673.3011(1), 673.2051(2), Fla. Stat. (2012); Keifert v. Nationstar Mortg. LLC, 153 So. 3d 351, 352-

3

53 (Fla. 1st DCA 2014); <u>Deutsche Bank Nat'l Trust Co. v. Lippi</u>, 78 So. 3d 81, 85 (Fla. 5th DCA 2012) ("[I]ts standing is established because it is the note holder, regardless of any recorded assignments."). The order allows Petitioner to obtain documentation of Respondent's standing (or lack thereof). Some of the other documents Petitioner requested may be relevant to the mortgage foreclosure action or the standing defense. <u>See</u> Fla. R. Civ. P. 1.280(a). Nevertheless, lack of these additional documents does not effectively eviscerate the standing defense, because standing is based on current possession of the note and not the chain of ownership. Thus, Petitioner has not demonstrated that certiorari jurisdiction exists with respect to these additional documents.

Petitioner also argues that its satisfaction of mortgage defense was eviscerated because the order denied Petitioner's broad requests for internal bank documents related to recorded satisfactions of the subject mortgage. Respondent objected on privacy grounds to producing these internal documents (and therefore cannot use such documents against Petitioner). <u>See</u> <u>Alterra Healthcare Corp. v. Estate of Shelley</u>, 827 So. 2d 936, 947-48 (Fla. 2002) (Pariente, J., concurring) (emphasizing concern with one party—having exclusive access to private, yet relevant, documents—utilizing those documents while refusing, on privacy grounds, to provide documents in discovery). However, the trial court granted discovery of "correspondence, payments and documentation" regarding the satisfactions. Again, some of the other documents

4

Petitioner requested may be relevant to the satisfaction defense. <u>See</u> Fla. R. Civ. P. 1.280(a). Nevertheless, lack of these internal memoranda does not effectively eviscerate the defense of satisfaction, which would be established, if at all, by public records and the discovery the trial court ordered Respondent to provide. Petitioner has not demonstrated that certiorari jurisdiction exists with respect to these additional documents relating to satisfaction.

In sum, the jurisdictional threshold for certiorari review of orders denying discovery requires petitioners to demonstrate evisceration of a claim or defense. We have reviewed all of Petitioner's discovery requests, Respondent's objections, and the partial grant of discovery in the order under review. Based on the legal elements of Petitioner's defenses, and the discovery the trial court granted, we cannot conclude that Petitioner has demonstrated material harm not remediable on appeal.

Accordingly, the petition is DISMISSED.

SWANSON, and OSTERHAUS, JJ., CONCUR.