IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FLORIDA GAS TRANSMISSION COMPANY, LLC., A DELAWARE LIMITED LIABILITY COMPANY, AND SYLVIA W. JOHNSON,

Petitioners,

v.

CITY OF TALLAHASSEE, A MUNICIPAL CORPORATION, AND TAX COLLECTOR, LEON COUNTY,

Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D17-668

Opinion filed October 20, 2017

Petition for Writ of Certiorari – Original Jurisdiction.

Ethan J. Loeb, Jay J. Bartlett, and Jon P. Tasso of Smolker, Bartlett, Loeb, Hinds & Sheppard, P.A., Tampa; Gino A. Luzietti and Michael J. Tomkiewicz of GrayRobinson, P.A., Tallahassee; Jeffrey H. Savlov and James W. Anderson of Savlov & Anderson, P.A., for Petitioners.

Lewis E. Shelley of Henry, Buchanan, Mick & English, P.A., Tallahassee, for Respondents.

PER CURIAM.

Days prior to jury selection, the defendant, Sylvia W. Johnson, filed an emergency motion to continue the trial on just compensation of an eminent domain

cause of action. The defendant stated that she had suffered a heart attack, had been recently released from the hospital, and would be seeing a cardiac surgeon in a few days. The defendant attached a letter from a doctor essentially establishing the same facts. During the hearing on the emergency motion, the plaintiff, Florida Gas Transmission Company, LLC, joined the motion to continue and argued that it would also be prejudiced if the court did not grant the continuance because it had not had the opportunity to depose the defendant.[*] The trial court ruled that it was denying the motion to continue based on the defendant's entitlement to priority on the docket due to her age, the defendant's need for a stress-free life, and the age of the case. After receiving the trial court's written order, both parties petitioned this Court for a writ of certiorari and requested this Court quash the trial court's denial of their joint motion to continue.

During the pendency of the petition for writ of certiorari, the parties requested to dismiss their joint petition. Florida Rule of Appellate Procedure 9.350 states that a party may seek to dismiss the cause of action when the parties have settled their differences or may seek to voluntarily dismiss the cause of action prior to a decision on the merits. However, there is nothing in the rule that requires this Court to dismiss the cause of action. Pino v. Bank of N.Y., 76 So. 3d 927, 929 (Fla. 2011). We

---

[*] The plaintiff argued that it had sought to depose the defendant in the past, but the defendant had successfully obtained a continuance from the trial court and had failed to appear on other occasions.

2

decline to grant the dismissal and grant the petition for writ of certiorari as each party has demonstrated entitlement.

A petitioner must show that the trial court's order departs from the essential requirements of the law and that she has been irreparably harmed in order to obtain a writ of certiorari. Fla. Fish & Wildlife Conservation Comm'n v. Jeffrey, 178 So. 3d 460, 464 (Fla. 1st DCA 2015). Irreparable harm is the element that must be considered first as it is the element that invokes the appellate court's jurisdiction. Id. Irreparable harm has been defined as a material injury that continues for the remainder of the case and cannot be corrected on appeal. Id. Without a prima facie showing of irreparable harm, the appellate court cannot grant a writ of certiorari. Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454 (Fla. 2012). Once the party has made a prima facie showing of irreparable harm, the appellate court has to determine if the trial court departed from the essential requirements of the law. Jeffrey, 178 So. 3d at 465.

## I. **Irreparable harm**

### A. Defendant's claim

The defendant has claimed that her lack of presence to assist counsel during the trial will cause her irreparable harm. The record indicates that the parties entered into an agreed upon order of taking of property for eminent domain in June of 2010, but continue to dispute the valuation of the defendant's property and whether or not a portion of the defendant's property has been rendered inaccessible for mining

3

purposes, which is the defendant's current use of the land, based on the taking. This is the third eminent domain action, which began in 1967, between the parties involving the same parcel of land. The record reflects that the defendant hired her current counsel just months prior to the scheduled trial. The defendant also argues that she was the only person available to assist counsel at the trial and is knowledgeable about how a corner of her property has been rendered inaccessible for mining purposes. Thus, the defendant's position is that this corner of property has been severed and essentially taken by the plaintiff. The defendant's inability to assist trial counsel in attacking the plaintiff's experts' testimony is a material injury that cannot be corrected on appeal because there is no way to measure how the outcome of the trial would be impacted by her lack of assistance. Thus, the defendant has made a prima facie showing that this Court has jurisdiction, and now we must determine if the trial court departed from the essential elements of law.

## B. Plaintiff's Claim

The plaintiff has also argued that it will be irreparably harmed by the denial of the continuance because it has not been able to depose the defendant. For a denial of discovery to amount to irreparable harm, the denial must "effectively eviscerate a party's claim, defense, or counterclaim." CQB, 2010, LLC v. Bank of N.Y. Mellon, 177 So. 3d 644, 645 (Fla. 1st DCA 2015) (quoting Giacalone v. Helen Eillis Mem'l Hosp. Found., Inc., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009)). When the party's claim, defense, or counterclaim is eviscerated, there is no adequate remedy on appeal

4

because there is no way to determine how the requested discovery would have impacted the outcome of the trial. CQB, 177 So. 3d at 645.

In the petition for writ of certiorari, the plaintiff contends that it needs to depose the defendant in order to defend itself against the defendant's claim that it has severed a corner of her land based upon the agreed upon taking. The record shows that two of the defendant's experts have determined that a corner of her property has been severed by the agreed upon taking. There is also some indication in the record that the property has not truly been severed as an access bridge could possibly be built to provide the defendant with access to this corner of her property, but it is the defendant who has refused to allow an access bridge to be built. The plaintiff has shown that it cannot properly impeach the defendant at trial or question her experts about the severance without her depositional testimony as she is the one who has provided her experts with information to support their opinions about the severance. Thus, the plaintiff has made a prima facie showing of irreparable harm. See also Beekie v. Morgan, 751 So. 2d 694, 698-99 (Fla. 5th DCA 2000) (finding irreparable harm in not allowing the plaintiff to depose the defendant before trial as there is no way to know how the outcome of the trial would have been affected). The Court now determines if the trial court departed from the essential elements of law.

## II. **Departure of the Essential Elements of the Law**

### A. Defendant's Claim

The denial of a motion to continue is reviewed under the abuse of discretion standard. SSJ Mercy Health Sys., Inc. v. Posey, 756 So. 2d 177, 179 (Fla. 4th DCA 2000). "[W]hen undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error." Id. (quoting Ziegler v. Klein, 590 So. 2d 1066, 1067 (Fla. 4th DCA 1991)). The following facts should be considered by the appellate court to determine whether or not a trial court abused its discretion in denying a motion to continue: (1) whether the denial of a continuance creates an injustice for the movant; (2) whether the cause for the request was unforeseeable by the movant and not for delay; and (3) whether the opposing party would suffer prejudice or inconvenience as a result of the continuance. Posey, 756 So. 2d at 179. A defendant's unavailability to assist counsel at trial is an injustice as the record shows that the defendant was the only one who could assist counsel with her case and help provide counsel with information about the severance of her property. There is nothing in the record to indicate that the defendant's illness was foreseeable or being used to delay the trial. The record shows that the plaintiff joined the continuance and claimed it would also be harmed if the continuance was not granted. Accordingly, the trial court departed from the essential elements of the law.

## B. Plaintiff's Claim

The Florida Supreme Court has said that financial documents and information that are relevant to the disputed issues are discoverable and courts will compel the

production of this information if it is shown to be relevant to the pending action. Bd. of Tr. of Int'l Improvement Tr. Fund, 99 So. 3d at 458. The severance and taking of a corner of the defendant's land is disputed by the plaintiff and makes up a portion of the damages the defendant claims she is entitled to receive. Because severance is a disputed issue, the information about the access to this land is relevant. The plaintiff is entitled to depose the defendant. Fla. R. Civ. P. 1.310. Thus, the plaintiff has shown that the trial court has departed from the essential elements of law by denying it the ability to depose the defendant prior to trial.

We find that both the plaintiff and defendant have shown that each have been irreparably harmed by denial of the motion to continue and the trial court departed from the essential elements of law. Therefore, we grant the writ of certiorari and quash the trial court's order denying the joint motion to continue the trial.

GRANTED.

ROBERTS and JAY, JJ., CONCUR; MAKAR, J., CONCURS with opinion.

7

MAKAR, J., concurring.

It's hard to blame the trial judge for refusing to grant another continuance of trial in this eminent domain case, which appears to have dawdled along aimlessly for years. The only issue since the lawsuit's inception in 2010 has been the amount of damages. The parties stipulated immediately that a portion of rural property belonging to Mr. J. Marvin Johnson and Mrs. Silvia W. Johnson (operated primarily as a sand farm) was condemned for utility easements used for decades by Florida Gas Transmission Company, LLC ("Florida Gas"). Long ago, Florida Gas deposited $120,000 into the court's registry, but the Johnsons anticipated far more in damages, thus necessitating a jury trial and a battle of expert witnesses to assess the value of the encroachment.

Now, seven years later, the damages issue remains unresolved. Foot-dragging, the late-in-the-game substitution of new lawyers necessitating a continuance,[1] and other indicia of litigation languor led the current trial judge—at least the fourth to be assigned to this case—to attempt to move it to final resolution. After all, eminent domain jury trials get preference over other civil cases, section 73.071(1), Florida Statutes, and the remaining plaintiff-property owner, Mrs. Johnson, who is in her late seventies and recently lost her husband, might be denied justice if no damage

---

[1] In 2016, Mrs. Johnson came to believe that her attorneys were in "cahoots with the gas company" and sought leave of court to get new ones.

8

award issues within her lifetime. But on the eve of the scheduled trial, Mrs. Johnson had severe heart problems, resulting in her request for another continuance. Florida Gas joined in, claiming they hadn't yet deposed Mrs. Johnson, who they claimed was a critical witness. Why she had not been deposed earlier (or her husband, when he was alive) is unclear; notably, neither the company nor Mrs. Johnson had listed her as a potential trial witness.

After an emergency hearing, the trial judge denied the jointly-sought continuance and issued an order stating in full:

> THIS CAUSE came before the Court on February 17, 2017 for hearing on the emergency motion for continuance, based on urgent health issues [heart attack and recommendation for surgery] of the property owner, Ms. Johnson, presently 77 years old. [There had been prior motions for continuance, previously ruled on, not based on health issues].
>
> This is an eminent domain case involving the petitioner's taking of the Johnson property for the public purpose of placing a third gas transmission pipeline on the Johnson property. [The first taking for a pipeline occurred in 1967, the second in 1994]. This taking occurred in June 2010; the amended order of taking was entered at that time.
>
> Florida law gives priority for eminent domain cases over all other civil cases. The only issue to be tried is the amount of compensatory damages that represent a full and fair value of the property taken [permanent and temporary easements and, if appropriate, several [sic] damages and damages for minerals taken], with the valuation date being determined as of the date of the order of taking [June 2010]. It is not known why the parties resisted going to trial sooner; there was construction time needed for the pipeline installation, and Mr. Johnson passed away in 2014. In 2015 Judge Hankinson set the case for trial; that date was changed to February 2017, in 2016. When the undersigned was rotated into the civil division July 1, 2016, the undersigned tried without success to have the trial moved earlier, with the parties insisting the trial should not be moved earlier.

Reportedly, Ms. Johnson's condition requires that she avoid stress; she is scheduled for surgery in the near future. However, her testimony appears not to have been anticipated for trial, as she is not listed by name on the witness lists, and there is no summary of any anticipated testimony she was expected to give. [That information was required to be included in the parties' pretrial witness disclosure]. Further, as the only issues for the jury are those relating to the value of the property taken, it is the expert testimony regarding those matters that is essential for the jury's determination.

For more than six years, nearly seven years, the petitioner has been using the property it took from Ms. Johnson in June 2010. The amount paid into the registry of the court is a mere pittance compared to the amount estimated by petitioner's counsel.

Under the circumstances existing here, with no evidence as to when, or if, Ms. Johnson will ever be able to be healthy enough to participate in the trial, where her testimony was not viewed as essential [as indicated by her not being identified as a witness], the Court finds there is not sufficient good cause to further continue this already very stale case.

(Brackets, other than [sic], in original). Based on these findings, the trial judge concluded that "further postponement of the trial would not be consistent with Florida law, nor would it assist in reducing the stress[2] of this litigation on Mrs. Johnson, and for the reasons set forth above and on the record at the February 17, 2017 hearing, the emergency motion for continuance is denied."

---

[2] According to the trial judge, beyond the stress of involvement in utility litigation dating back to the late 1960s, part of Mrs. Johnson's recent stress came from prior "episodes" of alleged misconduct by pipeline workers who "left broken beer bottles scattered around her property" and "urinated in front of her." Added to that was Mrs. Johnson's belief "that terrorists may be trying to figure out how to blow up one or more of the pipelines on her property." And in one interrogatory Mrs. Johnson said that "[her] husband was beaten and left for dead on the site. No arrests have ever been made, but it seems likely that the perpetrators were business competitors."

All this said, the record shows that Mrs. Johnson was stricken with a life-threatening heart condition that necessitated her absence at the trial. She thereby established the basis for the continuance as explained in the Court's opinion, which I join as to Mrs. Johnson's request for relief. See Silverman v. Millner, 514 So. 2d 77 (Fla. 3d DCA 1987) (explaining that sudden and unforeseeable stroke of employer on the day before trial necessitated continuance); see generally Philip J. Padovano, Continuance, 5 Fla. Prac., Civil Practice § 15:9 (2016-2017 ed.) ("[T]here are situations in which a motion for continuance must be granted in order to avoid an injustice. For example, the trial court may be required to continue a trial if a party, a material witness or an attorney is unable to attend as a result of an illness or physical condition.").

Less convincing is Florida Gas's claim for relief, which is based on the inability to depose Mrs. Johnson at this juncture. The company claims it has been trying to depose her for "quite a while," but the record presented doesn't reflect diligence until just a few months before trial; plus, as the trial judge noted, if Mrs. Johnson was such a critical witness, why hadn't the company listed her as the pre-trial order required? So the claim that Florida Gas's defense at trial would be eviscerated with Mrs. Johnson's deposition testimony is somewhat overstated. Again, the trial is only about the calculation of economic damages, which will be decided via conflicting appraisals and dueling experts. The company is correct that

Mrs. Johnson's testimony about past operations of the sand farm might be of value, particularly since her husband died a few years ago, but the importance of that information at this late stage of the proceedings—after appraisals and experts have been tendered—seems minimal. The central injustice that justified a continuance was Mrs. Johnson's severe illness, not the effect of her illness on the company's eleventh-hour discovery efforts.