PER CURIAM. Days prior to jury selection, the defendant, Sylvia W. Johnson, filed an emergency motion to continue the trial on just compensation of an eminent domain cause of action. The defendant stated that she had suffered a heart attack, had been recently released from the hospital, and would be seeing a cardiac surgeon in a few days, The defendant attached a-letter from a doctor essentially establishing the same facts.. During the hearing on the emergency motion, the plaintiff, Florida Gas Transmission Company, LLC, .joined the motion to continue and argued that it would also be prejudiced if the court did not grant the continuance because it had not had the opportunity to depose the defendant.* The trial court ruled that it was denying the motion to continue based on the defendant’s entitlement to priority on the docket due to her age, the defendant’s need for a stress-free life, and the age of the case. After receiving the trial court’s -written order, both parties petitioned this Court for a writ of certiorari and requested this Court quash the trial court’s denial of their joint motion to continue. During the pendency of the petition for writ of certiorari, the parties requested to dismiss their joint petition. Florida Rule of Appellate Procedure 9.350 states that a party may seek to dismiss the cause of action when the parties have settled, their differences or may seek to voluntarily dismiss the cause of action prior to a decision on the merits. However, there is nothing in the rule that requires this Court to dismiss the cause of action. Pino v. Bank of N.Y., 76 So.3d 927, 929 (Fla. 2011). We decline to grant the dismissal and grant the petition for writ of certiorari as each party has demonstrated entitlement. A petitioner must show that the trial court’s order departs from the essential requirements of the law and that she has been irreparably harmed in order to obtain a writ of certiorari. Fla. Fish & Wildlife Conservation Comm’n v. Jeffrey, 178 So.3d 460, 464 (Fla. 1st DCA 2015). Irreparable harm is the element that must be considered first as it is the element that invokes the appellate court’s jurisdiction. Id. Irreparable harm has beeh defined as a material injury that continues for the remainder of the case and cannot be corrected on appeal. Id. Without a prima facie showing of irreparable harm, the appellate court cannot grant a writ of certiorari. Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So.3d 450, 454 (Fla. 2012). Once the party has made a prima facie showing of irreparable harm, the appellate court has to determine if the trial court departed from the essential requirements of the law. Jeffrey, 178 So.3d at 465. I. Irreparable harm A. Defendant’s claim The defendant has claimed that her lack of presence to assist counsel during the trial will cause her -irreparable harm. The record indicates that the parties entered into an agreed upon order of taking of property for eminent domain in June of 2010, but continue to dispute the valuation of the defendant’s property and whether or not a portion of the defendant’s property has been rendered inaccessible for mining purposes, which is the defendant’s current use of the land, based on the taking. This is the third eminent domain action, which began in 1967, between the parties involving the same parcel of land. The record reflects that the defendant hired her current courisel just months prior to the scheduled trial. The defendant also argues that she was the only person available to assist counsel at the trial and is knowledgeable about how a corner of her property has been rendered inaccessible for mining purposes. Thus, the defendant’s position is that this corner of property has been severed and essentially taken by the plaintiff. The defendant’s inability to assist trial counsel in attacking the plaintiffs experts’ testimony is a material injury that cannot be corrected on appeal because there is no way to measure how the outcome of the trial would be impacted by her lack of assistance. Thus, the defendant has made a prima facie showing that this Court has jurisdiction, and now we must determine if the trial court departed from the essential elements of law. B. Plaintiffs Claim The plaintiff has also argued that it will be irreparably harmed by the denial of the continuance because it has not been able to depose the defendant. For a denial of discovery to amount to irreparable harm, the denial must “effectively eviscerate a party’s claim, defense, or counterclaim.” CQB, 2010, LLC v. Bank of N.Y. Mellon, 177 So.3d 644, 645 (Fla. 1st DCA 2015) (quoting Giacalone v. Helen Ellis Mem’l Hosp. Found., Inc., 8 So.3d 1232, 1234 (Fla. 2d DCA 2009)). When the party’s claim, defense, or counterclaim is eviscerated, there is no adequate remedy on appeal because there is no way to determine how the requested discovery would have impacted the outcome of the trial. CQB, 177 So.3d at 645. In the petition for writ of certiorari, the plaintiff contends that it needs to depose the defendant in order to defend itself against the defendant’s, claim that it has severed a corner of her land based upon the agreed upon taking. The record shows that two of the defendant’s experts have determined that a corner of her property has been severed by the agreed upon taking. There is. also some indication in the record that the property has not truly been severed as an access bridge could possibly be built to provide the defendant with access to this comer of her property, but it is the defendant who has refused to allow an access bridge to be built. The plaintiff has shown that it cannot properly impeach the defendant at trial or question her experts about the severance without her depositional testimony as she is the one who has provided her experts with information to support their opinions about the severance. Thus, the plaintiff has made a prima facie showing of irreparable harm. See also Beekie v. Morgan, 751 So.2d 694, 698-99 (Fla. 5th DCA 2000) (finding irreparable harm in not allowing the plaintiff to depose the defendant before trial as there is no way to know how the outcome of the trial would have been affected). The Court now determines if the trial court departed from the essential elements of law. II. Departure of the Essential Elements of the Law A. Defendant’s Claim The denial of a motion to continue is reviewed under the abuse of discretion standard. SSJ Mercy Health Sys., Inc. v. Posey, 756 So.2d 177, 179 (Fla. 4th DCA 2000). “[W]hen undisputed facts reveal that the physical condition of either counsel or client prevents fair, and adequate presentation of a case, failure to grant a continuance is reversible error.” Id. (quoting Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991)). The following facts should be considered by the appellate court to determine whether or not a trial court abused its discretion in denying a motion to continue: (1) whether the denial of a continuance creates an injustice for the movant; (2) whether the cause for the request was unforeseeable by the movant and not for delay; and (3) whether the opposing party would suffer prejudice or inconvenience as a result of the continuance. Posey, 756 So.2d at 179. A defendant’s unavailability to assist counsel at trial is an injustice as the record shows that the defendant was the only one who could assist counsel with her case and help provide counsel with information about the severance of her property. There is nothing in the record to indicate that the defendant’s illness was foreseeable or being used to delay the trial. The record shows that the plaintiff joined the continuance and claimed it would also be harmed if the continuance was not granted. Accordingly, the trial court departed from the essential elements of the law. B. Plaintiffs Claim The Florida Supreme Court has said that financial documents and information that are relevant to the disputed issues are discoverable and courts will compel the production of this information if it is shown to be relevant to the pending action. Bd. of Tr. of Int’l Improvement Tr. Fund, 99 So.3d at 458. The severance and taking of. a corner of the defendant’s land is disputed by the plaintiff and makes up a portion of the damages the defendant' claims she is entitled to receive. Because severance is a disputed, issue, the information about the access to this land is relevant. The plaintiff is entitled to depose the defendant. Fla. R. Civ. P. 1,310. Thus, the plaintiff has shown that the trial court has departed from the essential element’s of law by denying it the ability to depose the defendant prior to trial. We find that, both the plaintiff and defendant have shown that each have been irreparably harmed by denial of the motion to continue and the trial court departed from the essential elements of law. Therefore, we. grant the writ of certiorari and quash the trial court’s order denying the joint motion to continue the trial. GRANTED. .ROBERTS and JAY, JJ., CONCUR; MAKAR, J., CONCURS with opinion. The plaintiff argued that it had sought to depose the defendant in the past, but the defen-' dant had successfully obtained a continuance from the trial court and had failed to appear on other occasions.