# Third District Court of Appeal

## State of Florida

Opinion filed January 23, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1938
Lower Tribunal No. 18-3582
_____

**Edward Villella,**
Petitioner,

vs.

**Toby Lerner Ansin,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Rodolfo A. Ruiz, Judge.

Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten; Friedman & Friedman, P.A., and John S. Seligman, for petitioner.

White & Case LLP, and Raoul G. Cantero and Sara E. Cendejas, for respondent.

Before SCALES and LINDSEY, JJ., and LUCK, Associate Judge.

SCALES, J.

In this petition for writ of certiorari, Edward Villella, the defendant below, argues that the trial court departed from the essential requirements of the law in staying discovery of a non-party entity and its current or former officers and directors until after the trial court determined whether, as a matter of law, a non-disparagement provision contained within the underlying separation agreement at issue was ambiguous. Because Villella has failed to demonstrate the requisite irreparable harm, we lack jurisdiction to hear, and therefore dismiss, the instant petition. See CQB, 2010, LLC v. Bank of New York Mellon, 177 So. 3d 644, 645 (Fla. 1st DCA 2015) ("The requirement of material, irreparable harm is jurisdictional. We must dismiss the petition if it is not met."); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995) ("[A] petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law.").

Villella was the artistic director for the Miami City Ballet, Inc. (the "Ballet"). In September 2012, Villella executed an Employment Amendment and Separation Agreement (the "separation agreement") with the Ballet. Section 7 of the separation agreement contains a non-disparagement provision whereby the Ballet agrees not to make any written or oral statements that disparage, denigrate, or criticize Villella or Villella's reputation. In particular, as relevant here, the non-disparagement

2

provision dictates that the Ballet's obligation "as [it] relates to statements made individually by members of the Board of Governors, Board of Trustees or Company executives, shall be satisfied by the [Ballet] providing its executives, Board of Governors and Board of Trustees with a joint letter . . . outlining the Parties joint communication plan and requesting strict adherence thereto."

In February 2018, Toby Lerner Ansin, the plaintiff below, filed a one-count complaint for declaratory relief against Villella in the Miami-Dade County Circuit Court. Therein, Ansin alleges that she has written "a memoir chronicling . . . some of her experiences as founder of the Ballet . . . that would violate § 7 of the Separation Agreement, if she were bound by the Agreement in her individual capacity." Ansin, therefore, seeks a declaration that the non-disparagement provision does not apply to Ansin and cannot be enforced against Ansin in her individual capacity.[1]

When Villella thereafter propounded discovery requests on the Ballet and certain current or former Ballet officers and directors, Ansin moved for a protective order and to limit discovery. The trial court reserved judgment as to whether to allow discovery of the Ballet and its current or former officers and directors to take place until after Ansin and Villella were both deposed.[2]

---

[1] Ansin alleges that she is a member of the Ballet's board of trustees, but that she is not a member of the Ballet's board of directors.

[2] The trial court also limited discovery as to Ansin and other witnesses, none of which are challenged in this petition.

3

Once the parties were deposed, Villella filed a motion requesting that the lower court allow the discovery to proceed. Villella argued, among other things, that he should be able to ascertain through discovery propounded on the Ballet, a non-party, whether the Ballet intended for the non-disparagement provision to apply to Ansin. At the hearing on Villella's motion, the trial court stayed the requested discovery until after the trial court determines whether, as a matter of law, the non-disparagement provision is ambiguous. In so ruling, the trial court explained that it is reserving judgment as to whether to allow discovery of the Ballet and its current or former officers and directors, noting that the court's contractual interpretation of the provision may prove dispositive of the entire claim, making the discovery unnecessary:

> The Court, in the interest of judicial economy, recognizing this is a one count complaint for declaratory judgment, permitting key depositions to already have been taken, and understanding that this is purely an issue of contractual interpretation to determine whether or not an ambiguity exists in the contract, is going to stay discovery, order the filing of a summary judgment motion on the issue of contractual interpretation within 14 days from the date of today's order.

> And once that has been set for hearing and ruled on, which will require only contractual interpretation, thereby not prejudicing the Defendant, because I cannot look at interpretation by different parties who were involved in drafting, but only to the plain meaning of the contract, the Court will then lift the stay, if I find there is ambiguity, to allow full discovery, or the case will be resolved in a dispositive way by finding that this is an unambiguous contract and ruling in favor of one or the other party because it may benefit either party once I take a look at whether or not this individual is bound by that and will – whether it will affect the publishing of the memoirs.

4

The trial court has broad discretion to determine the scope of allowable discovery in a civil proceeding. See Young Circle Garage LLC v. Koppel, 916 So. 2d 22, 23 (Fla. 4th DCA 2005). On this record, where the trial court has not finally resolved whether Villella may obtain the discovery he seeks – choosing, instead, to first decide what may be an outcome-determinative, dispositive issue – we conclude that Villella has failed to demonstrate the requisite irreparable harm that is required for us to have jurisdiction over this petition.

Petition for writ of certiorari dismissed.