# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-118
Lower Tribunal No. 17-7166
_____

**Juan A. Jiménez,**
Petitioner,

vs.

**Granada Insurance Company, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Davis, Giardino & Hrivnak, P.A., and Wayne T. Hrivnak (West Palm Beach), for petitioner.

Hinshaw & Culbertson LLP, and James H. Wyman, for respondent Granada Insurance Company.

Before EMAS, C.J., and SCALES and MILLER, JJ.

SCALES, J.

In this petition for writ of certiorari, Juan Jimenez, a non-party movant below, argues that the trial court departed from the essential requirements of the law in failing to grant Mr. Jimenez's motion for a protective order directed toward two non-party subpoenas served on Infinity Auto Insurance Company ("Infinity Auto") and Western Heritage Insurance Company ("Western Heritage"). Because Mr. Jimenez has failed to demonstrate the requisite irreparable harm, we lack jurisdiction to hear, and therefore dismiss, the instant petition. See CQB, 2010, LLC v. Bank of New York Mellon, 177 So. 3d 644, 645 (Fla. 1st DCA 2015) ("The requirement of material, irreparable harm is jurisdictional. We must dismiss the petition if it is not met.").

In October 2015, respondent Carlos Martinez was injured when the bicycle he was riding collided with a vehicle driven by petitioner Juan Jimenez. Mr. Martinez thereafter filed a personal injury action against Mr. Jimenez's employer, respondent Ben Auto Service, Corporation ("Ben Auto"), and the vehicle's owner, Henry Auto Broker Finance, LLC ("Henry Auto"). As to Ben Auto, Mr. Martinez alleged that the employer was liable for Mr. Jimenez's negligence because the subject accident allegedly occurred during the course and scope of Mr. Jimenez's employment. As to Henry Auto, Mr. Martinez alleged that the vehicle owner was liable for Mr. Jimenez's negligence because Mr. Jimenez allegedly operated the vehicle with Henry Auto's knowledge, consent and permission.

2

Ben Auto was an insured under a commercial garage liability policy through respondent, Granada Insurance Company ("Granada"). In March 2017, Granada filed the instant declaratory judgment action against Ben Auto and Mr. Martinez, seeking a declaration that Granada is not required to defend and indemnify Ben Auto in Mr. Martinez's personal injury action because the subject accident allegedly did not occur during the course and scope of Mr. Jimenez's employment.

In June 2018, Granada served non-party subpoenas for production of documents without deposition on Infinity Auto, Mr. Jimenez's personal automobile insurer, and on Western Heritage, Henry Auto's insurer. The two non-party subpoenas seek information contained in the insurers' claims files – specifically, in relevant part, any and all recordings, statements, and transcriptions of Mr. Jimenez with respect to claims made in connection with the subject accident. Importantly, while neither Infinity Auto nor Western Heritage objected to the non-party subpoenas, Mr. Jimenez (Infinity Auto's insured) moved for a protective order arguing that no portion of the claims files should be produced because the claims files are privileged work product.

In ruling on Mr. Jimenez's motions for a protective order, the trial court ordered that Granada modify the two non-party subpoenas to reflect that the requested documents be produced to Mr. Jimenez's counsel so that counsel can: (i) provide all non-privileged documents to Granada; and (ii) prepare and file a

3

privilege log with respect to the remaining objected-to documents so that the trial court can conduct an *in camera* inspection. In this Court, Mr. Jimenez seeks review of the trial court's order on his motions for protective order, via petition for writ of certiorari.

In Scottsdale Insurance Co. v. Camara De Comercio Latino-Americana De Los Estados Unidos, Inc., 813 So. 2d 250, 252 (Fla. 3d DCA 2002), this Court recognized both that an insurer's "claims file is the insurer's work product" and that "the work-product privilege belongs solely to [the insurer]." Neither of the subpoenaed insurers – Infinity Auto nor Western Heritage – have objected to the non-party subpoenas in the lower court; nor is either insurer a participant in the instant petition. We therefore conclude that we lack certiorari jurisdiction because Mr. Jimenez does not have the requisite standing to assert the work product privilege on behalf of the two subpoenaed insurers; without standing, Mr. Jimenez cannot establish the requisite irreparable harm.[1]

Petition for writ of certiorari dismissed.

---

[1] Given our resolution, we need not and therefore do not, address the correctness of the subject discovery order.

4