# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-5291

———————————————

IN RE: ESTATE OF LARRY BUNDA

    Petitioner.

———————————————

Petition for Writ of Certiorari—Original Jurisdiction.

April 16, 2019

PER CURIAM.

Petitioner Amelia Bunda challenges the trial court's decision to vacate *sua sponte* its Order for Summary Administration in the probate case involving her father, Larry Bunda. We grant the petition.

## I.

This case involves competing claims to the same property: a $273,100 insurance check made payable to the estate of Larry Bunda (hereinafter "Bunda") and HomeQ Servicing Corporation as a loss payee on the decedent's home insurance policy. In 2013, the check was transmitted to the Division of Unclaimed Property within the Department of Financial Services (DFS). HomeQ subsequently transferred its right under the policy to Ocwen Loan Servicing. In 2016, Bunda's three children filed a Petition for Summary Administration requesting one-half of the insurance check proceeds. The trial court then issued an Order for Summary Administration authorizing the requested distribution. Global Discoveries Ltd. (Global) then filed a claim for the proceeds with DFS on behalf of Bunda's children.

Not long after, Ocwen filed a competing claim for the proceeds with DFS. In August 2017, DFS issued a Notice of Intent stating that it was going to enter a Final Order approving Ocwen's claim to the funds. In October 2017, DFS sent a letter to the trial court that had entered the order authorizing the distribution of insurance proceeds to Bunda's heirs, regarding its own decision to award the insurance proceeds to Ocwen. DFS expressed concern over the conflict between its decision and the trial court's Order for Summary Administration and suggested that Florida Rule of Civil Procedure 1.540 provided a possible solution. DFS attached a copy of its Notice of Intent to the letter and copied Global's counsel.

In November 2017, the trial court issued an order setting aside the Order for Summary Administration noting that "[a]bnormalities [had] been identified in the estate file" and that the "matter may be set for hearing should the parties wish to be heard."

II.

In order to qualify for certiorari relief, a petitioner must demonstrate that the order at issue caused material injury that cannot be corrected on appeal and departed from the essential requirements of the law. *Nader v. Fla. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 721 (Fla. 2012).[1]

The material injury element requires a showing of "irreparable harm." *See Fla. Gas Transmission Co., LLC v. City of Tallahassee*, 230 So. 3d 912, 914 (Fla. 1st DCA 2017). Bunda's heirs argue that without the Order for Summary Administration, they will lose their inheritance. Specifically, they point to the requirement that any individual claiming entitlement to a decedent's unclaimed property must submit to DFS "[a] certified copy of a probate court order, certified by the clerk of court identifying the beneficiaries and the proportional entitlement of each to the estate." Fla. Admin. Code R. 69G-20.0022(3)(a)2. We agree. By vacating *sua sponte* its Order for Summary Administration, the trial court took away the heirs'

---

[1] We have jurisdiction to grant certiorari relief. Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(3).

ability to make a claim for the proceeds under this rule in pending administrative proceedings, causing irreparable harm.

Bunda's heirs argue that the trial court departed from the essential requirements of the law when it vacated the Order for Summary Administration without any legal basis and without adequate notice to be heard. Florida Rule of Civil Procedure 1.540 allows a trial court to grant relief from final judgments, decrees, or orders under certain circumstances.[2] Rule 1.540, however, only permits a trial court to *sua sponte* set aside a final order in cases of clerical mistake. Fla. R. Civ. P. 1.540(a). There was no clerical mistake here. Thus, the trial court's order must fall within the ambit of Rule 1.540(b). Rule 1.540(b), however, requires that the trial court act on a motion from a party. Here, no party moved the trial court to exercise its authority under Rule 1.540(b). DFS conceded that it was not a party to the trial court's probate proceedings, so its letter could not provide the basis for the order.

Rule 1.540(b), in most cases, limits a trial court's ability to set aside a final order to no more than one year after the final order has been entered. The Order for Summary Administration was entered on September 26, 2016. The trial court set aside the order on November 15, 2017, more than a year later.[3] Therefore, even if there had been a motion from a party, the trial court had no authority to *sua sponte* set aside the Order for Summary Administration more than a year after it was entered.

Additionally, Bunda's heirs were not given any notification from the trial court that it was considering setting aside the Order for Summary Administration. The requirement that a final order

---

[2] The order vacating summary administration simply stated that the "cause came before the Court on its own motion [and that] [a]bnormalities [were] identified in the estate file," without identifying authority for the action. However, the unsolicited letter from DFS stated that Rule 1.540 "provides a possible to [sic] remedy."

[3] A final order may be vacated beyond one year when it is void or has already been discharged, released, or satisfied. Fla. R. Civ. P. 1.540(b). This exception does not apply here.

can be vacated only on the motion of a party gives other parties notice and the opportunity to be heard. *See Bayview Loan Servicing v. Dzidzovic*, 249 So. 3d 1265, 1267 (Fla. 2d DCA 2018) (reversing an order that vacated a final judgment pursuant to Rule 1.540(b) without hearing, and noting that "[d]ue process mandates that in any judicial proceeding, the litigants must be afforded the basic elements of notice and opportunity to be heard" (*quoting E.I. DuPont De Nemours & Co. v. Lambert*, 654 So. 2d 226, 228 (Fla. 2d DCA 1995)). *See also Austin v. Austin*, 120 So. 3d 669, 674-75 (Fla. 1st DCA 2013) (holding that the same due process requirements are necessary before a party is "divested of his or her property"). Bunda's heirs were deprived of this right. We find that this constitutes a departure from the essential elements of the law.

III.

Under these circumstances, the Order To Set Aside Order For Summary Administration departed from the essential requirements of the law causing irreparable harm. Accordingly, we grant the petition for writ of certiorari and quash the order under review.

GRANTED.

BILBREY and WINOKUR, JJ., concur; JAY, J., dissents without opinion.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Michael Farrar, Aventura, for Amelia Bunda.

Josephine A. Schultz, Senior Attorney, and Janine B. Myrick, Senior Attorney, Department of Financial Services, Tallahassee, for Department of Financial Services; James H. Wyman of Hinshaw & Culbertson, LLP, Coral Gables, for Ocwen Loan Servicing, Inc.

4